2020CV02079    e-Filed 10/2/2020 12:17 PM

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Waukecia Lawrence

EXHIBIT A

# IN THE STATE COURT OF CLAYTON COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| Marlon Brown, <br><br> Plaintiff, <br><br> vs. <br><br> Patrick David Fluellen, in his individual capacity; <br> Sheriff Victor Hill, <br> in his official capacity as Sheriff for Clayton County <br><br> Defendants. | CIVIL ACTION FILE NO.: 2020CV02079 |

## COMPLAINT FOR DAMAGES

Plaintiff Marlon Brown files this Complaint against the above-named Defendants and in support thereof states as follows:

### INTRODUCTION

"Don't promote yourself as a country of constitutionality and compassion if you honestly believe that putting people in [jail] or prison and treating them like animals is justified."

---Bernard B. Kerik

Copy from re:SearchGA

On or about June 16, 2017, Marlon Brown (hereinafter, "Plaintiff or Mr. Brown") was violently shoved into a steel elevator while his hands were cuffed, and legs were shackled by Deputy Patrick Fluellen (hereinafter, "Defendant Fluellen") of the Clayton County Sheriff's Office ( hereinafter, "CCSO"). As a result, Mr. Brown sustained visible lacerations to his face and lips. Additionally, Mr. Brown sustained several chipped and cracked teeth. Despite there being direct video evidence of the incident, CCSO concluded that Defendant Fluellen's actions did not violate any CCSO policies or procedures. However, not until the video incident went viral on social media, several months later, was Defendant Fluellen placed on administrative leave for his actions against Mr. Brown. Further, after an investigation by the Georgia Bureau of Investigation (hereinafter, "GBI"), Defendant Fluellen was charged with two felonies, Aggravated Battery and Violation of Oath of Office and subsequently arrested. Mr. Brown sustained permanent scarring and injuries as a result of Defendant Fluellen's malicious and sadistic acts towards him. Mr. Brown also suffers from severe mental anguish and severe emotional distress.

The Plaintiff seeks compensatory and punitive damages.

TRIAL BY JURY IS DEMANDED.

## VENUE

1.

Venue is proper in Clayton County, Georgia under O.C.G.A. 9-10-30.

## PARTIES

2.

At all times relevant hereto, Plaintiff Marlon Brown was a resident of the State of Georgia and a citizen of the United States of America.

3.

At all times relevant hereto, Defendant Patrick David Fluellen was a citizen of the United States and a resident of the State of Georgia and was acting under color of state law in his capacity as a law enforcement officer employed by the Clayton County Sheriff's Office. Defendant Fluellen is sued in his individual capacity.

4.

Defendant Victor Hill, the CCSO's Sheriff ("Defendant Sheriff") is a resident of the State of Georgia, Thus, the Defendant Sheriff is subject to the venue and jurisdiction of this Court. Defendant Sheriff is sued in his official capacity.

## FACTUAL BACKGROUND

Copy from re:SearchGA

5.

On or about June 16, 2017, Plaintiff Marlon Brown was an inmate in the care and custody of the Clayton County Sheriff's Office and the Clayton County Jail.

6.

On the aforementioned date, Mr. Brown was transported from the Clayton County Jail to the Clayton County Courthouse for a scheduled hearing.

7.

Mr. Brown waited several hours and was eventually told that he would not be seen by a Judge. An unknown female jailer requested Mr. Brown stand. However, Mr. Brown refused out of frustration; and, at that time, the unknown female jailer requested Defendant Fluellen to intervene.

8.

Defendant Fluellen told Mr. Brown to walk towards the elevator to be returned to the jail and Mr. Brown complied.

9.

Copy from re:SearchGA

As Mr. Brown was trying to enter the elevator, Defendant Fluellen lifted a defenseless and helpless Mr. Brown from the ground and threw him into the open elevator causing Mr. Brown to strike the rear of the steel elevator face first. Mr. Brown was unable to brace for impact due to his hands being cuffed and shackles on his ankles.

10.

Immediately after throwing Mr. Brown into the steel elevator door, Defendant Fluellen pointed his taser at Mr. Brown while Mr. Brown was handcuffed, dazed, and injured. Mr. Brown posed no threat to Defendant Fluellen.

11.

Mr. Brown was transported to the medical floor where he received treatment for lacerations to his face, lips, ankles, and wrists. Mr. Brown also complained of back and neck pain. Additionally, Mr. Brown sustained several chipped and cracked teeth.

12.

For more than two weeks, Mr. Brown's mother and sister attempted to visit him. However, they were repeatedly denied access to Mr. Brown without reason from CCSO.

13.

Eventually, Mr. Brown's mother (hereinafter "Mother Brown") was granted visitation with Mr. Brown. Mother Brown noticed that Mr. Brown looked like he had been involved in a physical altercation. When asked about his physical appearance, Mr. Brown was incoherent and was unable to articulate what had happened to him.

14.

Mother Brown and Plaintiff's sister (hereinafter "Ms. Brown") attempted to report Mr. Brown's condition to CCSO and Jail staff. They were denied the opportunity to do so repeatedly.

15.

Finally, Mother Brown and Ms. Brown were provided with a copy of the videotape from the elevator showing that Mr. Brown had been assaulted by a CCSO employee, later identified as Defendant Fluellen.

16.

Defendant Fluellen wrote an incident report stating that Mr. Brown tripped over the elevator threshold.

17.

Copy from re:SearchGA

Despite clear and convincing evidence depicted by the elevator video, showing Defendant Fluellen used unlawful force against Mr. Brown, Sheriff Victor Hill (hereinafter "Sheriff Hill") and Defendant Fluellen's supervisors concluded that Officer Fluellen's actions did not violate any CCSO policies or procedures.

18.

Not until the video of the incident went viral several months later, on social media, was Defendant Fluellen placed on administrative leave for his actions by Sheriff Hill.

19.

Over the course of Defendant Fluellen's tenure with CCSO, Defendant Fluellen has been the subject of numerous uses of force incidents while within his scope of employment. Despite Defendant Fluellen's propensity for violence, Sheriff Hill maintained Defendant Fluellen as an employee and failed to take corrective measures to protect inmates in Defendant Fluellen's custody; thus, subjecting CCSO inmates to potential unlawful use of force by Defendant Fluellen.

20.

Copy from re:SearchGA

After an investigation was conducted by the GBI, Defendant Fluellen was charged with two felonies - Aggravated Battery and Violation of Oath of Office. Defendant Fluellen was subsequently arrested.

21.

The criminal proceeding against Defendant Fluellen ending on or about December 6, 2018.

22.

Mr. Brown sustained permanent scarring and injuries as a result of Defendant Fluellen's malicious and sadistic acts towards him. Mr. Brown also suffers from severe mental anguish and severe emotional distress. Defendant Fluellen's excessive force was in a direct violation of Georgia's law.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF
BATTERY
(Defendant Fluellen For Battery)

23.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint

24.

Copy from re:SearchGA

Pursuant to the Georgia Common Law, a recovery for battery requires a showing of:

Intentional contact with the person of another;

Either of an insulting or provocative nature, or causing that other person physical harm;

Which was unauthorized; and Damages.

Ellison v. Burger King Corp., 294 Ga. App. 814, 670 S.E.2d 469 (2008).

25.

It is clear and that Defendant Fluellen for Battery made an intentional unjustifiable and unlawful harmful physical contact with the Plaintiff on the aforementioned date.

26.

Defendant Fluellen without legal justification physically assaulted the Plaintiff by lifting Mr. Brown from the ground and threw him into the open elevator causing Mr. Brown to strike the rear of the steel elevator face first. Mr. Brown was unable to brace for impact due to him being retrained.

27.

Copy from re:SearchGA

Due to Defendant Fluellen's intentional, unlawful, and offensive touching, Plaintiff Brown suffered visible lacerations to his face, lips, ankles, and wrists. Additionally, as a result of Defendant Fluellen's conduct, Plaintiff Brown has numerous chipped and cracked teeth which will require repair. Plaintiff Brown has suffered substantial physical and visible bodily harm.

*(Defendant Sheriff Liability for Battery under Respondent Superior)*

28.

Under Georgia law, two elements must be present to render a master liable for his or her servant's actions under respondent superior: first, the servant must be in furtherance of the master's business, and, second, he or she must be acting within the scope of his or her master's business. <u>Ga. Messenger Serv. v. Bradley,</u> 311 Ga. App. 148, 715 S.E.2d 699, 2011.

29.

Defendant Fluellen was acting within his scope of employment when he intentionally justification physically assaulted the Plaintiff by lifting Mr. Brown from the ground and threw him into the open elevator causing Mr. Brown to strike the rear of the steel elevator face first. Mr. Brown was unable to brace for impact due to him being retrained.

SECOND CLAIM FOR RELIEF

Copy from re:SearchGA

## ASSAULT
## (Defendant Fluellen)

30.

Plaintiff realleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 22 of this Complaint.

31.

O.C.G.A. § 16-5-20 provides that: A person commits the offense of simple assault when he or she either:

Attempts to commit a violent injury to the person of another; or

Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.

32.

To constitute an assault no actual injury needs to be shown, rather it is only necessary to show an intention to commit an injury, coupled with an apparent ability to do so. Wallace v. Stringer, 250 Ga. App. 850, 553 S.E.2d 166 (2001).

33.

Defendant Fluellen's actions immediately preceding Plaintiff Brown hitting the metal elevator door, constitute an assault. Defendant Fluellen was armed with a taser. Defendant Fluellen without cause or legal justification, pulled out his taser and

Copy from re:SearchGA

aimed it directly at Plaintiff Brown. Defendant Fluellen had the intent and the ability to discharge his taser at Plaintiff Brown's person at any time. Defendant Fluellen pointed his taser at Plaintiff Brown while Plaintiff Brown was handcuffed, dazed, and injured. Plaintiff Brown posed no threat to Defendant Fluellen at this time due to being handcuffed and substantially injured.

34.

Plaintiff Brown was placed in fear that he would be tased by Defendant Fluellen. Plaintiff Brown's fear and apprehension were reasonable due to Defendant Fluellen's previous violent, unlawful, and unjustified conduct. Plaintiff Brown was forced to plea with Defendant Fluellen so he would not be tased.

*(Defendant Sheriff Liability for Assault under Respondent Superior)*

35.

Under Georgia law, two elements must be present to render a master liable for his or her servant's actions under respondent superior: first, the servant must be in furtherance of the master's business, and, second, he or she must be acting within the scope of his or her master's business. Ga. Messenger Serv. v. Bradley, 311 Ga. App. 148, 715 S.E.2d 699, 2011.

36.

Copy from re:SearchGA

Defendant Fluellen was acting within his scope of employment when he pulled out his taser and aimed it directly at Plaintiff Brown.

## THIRD CLAIM FOR RELIEF

VIOLATION OF THE PLAINTIFFS' RIGHTS UNDER THE GEORGIA CONSTITUTION ART. I, SEC. I, PARA. XVII. BAIL; FINES; PUNISHMENT; ARREST, ABUSE OF PRISONERS
(Defendant Fluellen and Defendant Sheriff Liability under Respondent Superior)

37.

Plaintiff realleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 22 of this Complaint.

38.

Art. I, Sec. I, Para. XVIII of the Georgia Constitution protects the citizens of the State of Georgia from Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted; nor shall any person be abused in being arrested, while under arrest, or in prison.

39.

While detained in at the CCSO, Plaintiff was subjected to cruel and unusual punishments.

40.

Copy from re:SearchGA

The actions of the Defendants violated the rights of the Plaintiff secured to him by Art. I, Sec. I, Para. XVIII of the Georgia Constitution.

41.

As a direct and proximate result of the Defendants' acts and omissions, the Plaintiffs sustained permanent physical and psychological injuries.

FOURTH CLAIM FOR RELIEF

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(*Defendant Fluellen and Defendant Sheriff Liability under Respondent Superior*)

42.

Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint.

43.

Under Georgia's common law, in a cause of action for intentional infliction of emotional distress, a plaintiff must demonstrate that:

(1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.

44.

Copy from re:SearchGA

A Defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law. <u>Frank v. Fleet Finance Inc. of Ga</u>., 238 Ga. App. 316 1999; <u>Steed v. Federal Nat. Mtg. Corp</u>., 301 Ga. App. 801 2009; <u>Racette v. Bank of America</u>, N. A., 318 Ga. App. 171 2012.

45.

Defendant Fluellen's willful acts constitute outrageous conduct insofar as they have caused emotional harm to Plaintiff Brown.

46.

Defendant Fluellen's intentional acts have left Plaintiff Brown traumatized, humiliated, and emotionally scarred. Plaintiff Brown has suffered and continues to suffer severe mental anguish and emotional and physical distress.

47.

Defendant Fluellen's conduct was intentional. Lifting Plaintiff Brown while he was handcuffed and throwing him against a metal elevator door face first was extreme and outrageous. Plaintiff Brown posed no threat to Defendant Fluellen at the time of the incident and therefore Defendant Fluellen has no legal justification

for his conduct. Defendant Fluellen's excessive use of force have caused Plaintiff Brown emotional distress. Plaintiff Brown's emotional distress is so severe and extreme that Plaintiff Brown has been forced to obtained psychological treatment.

48.

Defendant Fluellen's conduct is the direct and proximate cause for Plaintiff Brown's past and continued severe mental anguish and emotional and physical distress.

49.

Defendant Fluellen's conduct has exacerbated Plaintiff Brown's preexisting mental illness. Defendant Fluellen's conduct has also caused Plaintiff Brown to suffer from additional emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks to this horrible ordeal.

## FIFTH CLAIM FOR RELIEF

NEGLIGENT RETENTION
(Against Defendant Sheriff)

50.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 22 of this Complaint

51.

Copy from re:SearchGA

An employer has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable from the employee's "tendencies" or propensities that the employee could cause the type of harm sustained by the plaintiff. Munroe v. Universal Health Servs., Inc., 277 Ga. 861, 861, 596 S.E.2d 604, 605, 2004.

52.

It is clear from Defendant Fluellen prior uses of force while employed at the CCSO, that it reasonably foreseeable that Defendant Fluellen could cause the type of harm sustained by the Plaintiff.

53.

Defendant Sheriff knowingly and willfully retained Defendant Fluellen as a deputy although he displayed through his acts and omission that he had a complete disregard for the rules and policies set forth at the CCSO.

54.

As a direct result of Defendants' action, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further

Copy from re:SearchGA

medically or other special damages related expenses, in amounts to be established at trial.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

a. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

b. economic losses on all claims allowed by law;

c. special damages in an amount to be determined at trial;

d. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

e. pre- and post-judgment interest at the lawful rate; and,

f. any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

Respectfully submitted the 2nd day of October 2020

Copy from re:SearchGA

/s/Harry M. Daniels
Harry M. Daniels
Ga Bar No. 234158


/s/Khalil C. Eaddy
Khalil Eaddy
Ga Bar No. 245157


Daniels and James, LLC

233 Peachtree St Ne Suite 1200
Atlanta, Georgia 30303
Tel. 678-664-8529
Fax. 800-867-5248
daniels@danielsjameslaw.com
khalil@danielsjameslaw.com

Copy from re:SearchGA