EXHIBIT B

# IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

Marlon Brown,

Plaintiff,

vs.

Patrick David Fluellen, in
his individual capacity;
Sheriff Victor Hill,
in his official capacity as
sheriff for clayton county

Defendants.

CIVIL ACTION FILE NO.:

2020CV02079

## FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff Marlon Brown files this Complaint against the above-named
Defendants and in support thereof states as follows:

### INTRODUCTION

"Don't promote yourself as a country of constitutionality and compassion if you
honestly believe that putting people in [jail] or prison and treating them like animals
is justified."

---Bernard B. Kerik

On or about June 16, 2017, Marlon Brown (hereinafter, "Plaintiff or Mr. Brown") was violently shoved into a steel elevator while his hands were cuffed, and legs were shackled by Deputy Patrick Fluellen (hereinafter, "Defendant Fluellen") of the Clayton County Sheriff's Office ( hereinafter, "CCSO"). As a result, Mr. Brown sustained visible lacerations to his face and lips. Additionally, Mr. Brown sustained several chipped and cracked teeth. Despite there being direct video evidence of the incident, CCSO concluded that Defendant Fluellen's actions did not violate any CCSO policies or procedures. However, not until the video incident went viral on social media, several months later, was Defendant Fluellen placed on administrative leave for his actions against Mr. Brown. Further, after an investigation by the Georgia Bureau of Investigation (hereinafter, "GBI"), Defendant Fluellen was charged with two felonies, Aggravated Battery and Violation of Oath of Office and subsequently arrested. Mr. Brown sustained permanent scarring and injuries as a result of Defendant Fluellen's malicious and sadistic acts towards him. Mr. Brown also suffers from severe mental anguish and severe emotional distress.

The Plaintiff seeks compensatory and punitive damages.

TRIAL BY JURY IS DEMANDED.

VENUE

1.

Venue is proper in Clayton County, Georgia under O.C.G.A. 9-10-30.

PARTIES

2.

At all times relevant hereto, Plaintiff Marlon Brown was a resident of the State of Georgia and a citizen of the United States of America.

3.

At all times relevant hereto, Defendant Patrick David Fluellen was a citizen of the United States and a resident of the State of Georgia and was acting under color of state law in his capacity as a law enforcement officer employed by the Clayton County Sheriff's Office. Defendant Fluellen is sued in his individual capacity.

4.

Defendant Victor Hill, the CCSO's Sheriff ("Defendant Sheriff") is a resident of the State of Georgia, Thus, the Defendant Sheriff is subject to the venue and jurisdiction of this Court. At all times relevant to this claim in 2017, Clayton County purchase of insurance for law enforcement liability and wrongful acts by law enforcement. (See Exhibit A, Clayton County's Public Risk Liability Declaration of Insurance). Therefore, Clayton County purchase of a liability coverage agreement covering law enforcement liability and wrongful acts by law enforcement constitutes

the purchase of insurance as contemplated by § 33-24-51 (b). Therefore, the county has waived its sovereign immunity to the extent of its liability coverage and so did the Defendant Victor Hill, the CCSO's Sheriff.

## FACTUAL BACKGROUND

5.

On or about June 16, 2017, Plaintiff Marlon Brown was an inmate in the care and custody of the Clayton County Sheriff's Office and the Clayton County Jail.

6.

On the aforementioned date, Mr. Brown was transported from the Clayton County Jail to the Clayton County Courthouse for a scheduled hearing.

7.

Mr. Brown waited several hours and was eventually told that he would not be seen by a Judge. An unknown female jailer requested Mr. Brown stand. However, Mr. Brown refused out of frustration; and, at that time, the unknown female jailer requested Defendant Fluellen to intervene.

8.

Defendant Fluellen told Mr. Brown to walk towards the elevator to be returned to the jail and Mr. Brown complied.

9.

As Mr. Brown was walking into the elevator, Defendant Fluellen intentionally lifted a defenseless and helpless Mr. Brown from the ground and threw him into the open elevator causing Mr. Brown to strike the rear of the steel elevator face first. Mr. Brown was unable to brace for impact due to his hands being cuffed and shackles on his ankles. (See Exhibit B, Clayton County Surveillance Video DSV119-Courtside ELE C).[1]

10.

Immediately after throwing Mr. Brown into the steel elevator door, Defendant Fluellen pointed his taser at Mr. Brown while Mr. Brown was handcuffed, dazed, and injured. Mr. Brown posed no threat to Defendant Fluellen at any time before he was thrown into the elevator wall/door or afterwards.

11.

Mr. Brown was transported to the medical floor where he received treatment for lacerations to his face, lips, ankles, and wrists. Mr. Brown also complained of back and neck pain. Additionally, Mr. Brown sustained several chipped and cracked teeth.

---

[1] Manually filed with the Clerk of Courts

12.

For more than two weeks, Mr. Brown's mother and sister attempted to visit him. However, they were repeatedly denied access to Mr. Brown without reason from CCSO.

13.

Eventually, Mr. Brown's mother (hereinafter "Mother Brown") was granted visitation with Mr. Brown. Mother Brown noticed that Mr. Brown looked like he had been involved in a physical altercation. When asked about his physical appearance, Mr. Brown was incoherent and was unable to articulate what had happened to him.

14.

Mother Brown and Plaintiff's sister (hereinafter "Ms. Brown") attempted to report Mr. Brown's condition to CCSO and Jail staff. They were denied the opportunity to do so repeatedly.

15.

Finally, Mother Brown and Ms. Brown were provided with a copy of the videotape from the elevator showing that Mr. Brown had been assaulted by a CCSO employee, later identified as Defendant Fluellen.

16.

Defendant Fluellen wrote an incident report stating that Mr. Brown tripped over the elevator threshold.

17.

Despite clear and convincing evidence depicted by the elevator video, showing Defendant Fluellen used unlawful force against Mr. Brown, Sheriff Victor Hill (hereinafter "Sheriff Hill") and Defendant Fluellen's supervisors concluded that Officer Fluellen's actions did not violate any CCSO policies or procedures.

18.

Not until the video of the incident went viral on several months later, on social media outlets, was Defendant Fluellen placed on administrative leave for his actions by Sheriff Hill.

19.

Over the course of Defendant Fluellen's tenure with CCSO, Defendant Fluellen has been the subject of numerous uses of force incidents while within his scope of employment. Defendant Sheriff Hill had prior knowledge of Defendant Fluellen's propensity for violence and unlawful use of force towards inmates in his custody and control before June 16, 2017.  Despite Defendant Fluellen's propensity

for violence, Sheriff Hill maintained Defendant Fluellen as an employee and failed to take corrective measures to protect inmates in Defendant Fluellen's custody; thus, subjecting CCSO inmates to potential unlawful use of force by Defendant Fluellen.

20.

After an investigation was conducted by the GBI, Defendant Fluellen was charged with two felonies - Aggravated Battery and Violation of Oath of Office. Defendant Fluellen was subsequently arrested.

21.

The criminal proceeding against Defendant Fluellen ending on or about December 6, 2018.

22.

Mr. Brown sustained permanent scarring and injuries as a result of Defendant Fluellen's malicious and sadistic acts towards him. Defendant Fluellen acted with the intent to cause bodily harm to Mr. Brown when intentionally tossed Mr. Brown into a steel elevator door/wall. As a result of Defendant Fluellen's malicious and sadistic action, Mr. Brown also suffers from severe mental anguish and severe emotional distress. Defendant Fluellen's excessive force was in a direct violation of Georgia's law and the Constitution of the United States

23.

As a direct and proximate result of the wrongful conduct of the Defendants, the Plaintiff was substantially injured. These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants. The Plaintiff is now permanently disfigured from the injuries he sustained by Defendant Battle. Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his assault. Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983 – Excessive Force in violation of the Fourteenth Amendments
(Against Defendant Fluellen)

### 24.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 of this Complaint

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

25.

Plaintiff in this action is a citizen of the United States and Defendant Fluellen to this claim are persons for purposes of 42 U.S.C. § 1983.

26.

Defendant Fluellen at all times relevant hereto, were acting under the color of state law in their capacity as Clayton County Sheriff's Office Deputy/Detention Officer and his acts or omissions were conducted within the scope of their official duties or employment.

27.

At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

28.

Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

29.

Any reasonable Clayton County Sheriff's Office Deputy/Detention Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

30.

Defendant Fluellen's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff. Defendant Fluellen actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by Defendant Fluellen shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

31.

Defendant Fluellen unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom. The force used cause serious bodily injury.

32.

Defendant Fluellen engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights. Defendant Fluellen did so with shocking

and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

33.

The acts or omissions of Defendant Fluellen were moving forces behind Plaintiff's injuries. The acts or omissions of Defendant Fluellen as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages. Defendant Fluellen is not entitled to qualified immunity for their actions

34.

As a proximate result of Defendant Fluellen unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendant Fluellen' s unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

35.

On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to

attorney's fees and costs -- judgment interest and to

costs as allowable by federal law. There may also be special damages for lien interests.

36.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendant Fluellen under 42 U.S.C. § 1983, in that the actions of Defendant Fluellen was maliciously, willfully, deliberate indifferent or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

SECOND CLAIM FOR RELIEF
BATTERY
(Defendant Fluellen For Battery)

37.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 of this Complaint

38.

Pursuant to the Georgia Common Law, a recovery for battery requires a showing of:

Intentional contact with the person of another;

Either of an insulting or provocative nature, or causing that other person physical harm;

Which was unauthorized; and Damages.

Ellison v. Burger King Corp., 294 Ga. App. 814, 670 S.E.2d 469 (2008).

39.

It is clear that Defendant Fluellen for Battery made an intentional unjustifiable and unlawful harmful physical contact with the Plaintiff on the aforementioned date. Defendant Fluellen acted actual malice and the ill will to cause harm to the Plaintiff.

40.

Defendant Fluellen without legal justification physically assaulted the Plaintiff by lifting Mr. Brown from the ground and threw him into the open elevator causing Mr. Brown to strike the rear of the steel elevator face first. Mr. Brown was unable to brace for impact due to him being retrained.

41.

Due to Defendant Fluellen's intentional, unlawful, and offensive touching, Plaintiff Brown suffered visible lacerations to his face, lips, ankles, and wrists. Additionally, as a result of Defendant Fluellen's conduct, Plaintiff Brown has numerous chipped and cracked teeth which will require repair. Plaintiff Brown has suffered substantial physical and visible bodily harm.

*(Defendant Sheriff Liability for Battery under Respondent Superior)*

42.

Under Georgia law, two elements must be present to render a master liable for his or her servant's actions under respondent superior: first, the servant must be in furtherance of the master's business, and, second, he or she must be acting within the scope of his or her master's business. Ga. Messenger Serv. v. Bradley, 311 Ga. App. 148, 715 S.E.2d 699, 2011.

43.

Defendant Fluellen was acting within his scope of employment when he intentionally justification physically assaulted the Plaintiff by lifting Mr. Brown from the ground and threw him into the open elevator causing Mr. Brown to strike the rear of the steel elevator face first. Mr. Brown was unable to brace for impact due to him being retrained. Defendant Hill condoned Defendant Fluellen's action by concluded that Defendant Fluellen's actions did not violate any CCSO policies or procedures.

## THIRD CLAIM FOR RELIEF
## ASSAULT
(Defendant Fluellen)

44.

Plaintiff realleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 23 of this Complaint.

45.

O.C.G.A. § 16-5-20 provides that: A person commits the offense of simple assault when he or she either:

Attempts to commit a violent injury to the person of another; or Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.

46.

To constitute an assault no actual injury needs to be shown, rather it is only necessary to show an intention to commit an injury, coupled with an apparent ability to do so. Wallace v. Stringer, 250 Ga. App. 850, 553 S.E.2d 166 (2001).

47.

Defendant Fluellen's actions immediately preceding Plaintiff Brown hitting the metal elevator door, constitute an assault. Defendant Fluellen was armed with a taser. Defendant Fluellen without cause or legal justification, pulled out his taser and aimed it directly at Plaintiff Brown. Defendant Fluellen had the intent and the ability to discharge his taser at Plaintiff Brown's person at any time. Defendant Fluellen pointed his taser at Plaintiff Brown while Plaintiff Brown was handcuffed, dazed, and injured. Plaintiff Brown posed no threat to Defendant Fluellen at this time due to being handcuffed and substantially injured.

48.

Plaintiff Brown was placed in fear that he would be tased by Defendant Fluellen. Plaintiff Brown's fear and apprehension were reasonable due to Defendant Fluellen's previous violent, unlawful, and unjustified conduct. Plaintiff Brown was forced to plea with Defendant Fluellen so he would not be tased.

*(Defendant Sheriff Liability for Assault under Respondent Superior)*

49.

Under Georgia law, two elements must be present to render a master liable for his or her servant's actions under respondent superior: first, the servant must be in furtherance of the master's business, and, second, he or she must be acting within the

17

scope of his or her master's business. <u>Ga. Messenger Serv. v. Bradley</u>, 311 Ga. App. 148, 715 S.E.2d 699, 2011.

50.

Defendant Fluellen was acting within his scope of employment when he pulled out his taser and aimed it directly at Plaintiff placing Plaintiff in fear and apprehension of being subjected to a battery. Defendant Hill condoned Defendant Fluellen's action by concluded that Defendant Fluellen's actions did not violate any CCSO policies or procedures.

FOURTH CLAIM FOR RELIEF

VIOLATION OF THE PLAINTIFFS' RIGHTS UNDER THE GEORGIA CONSTITUTION ART. I, SEC. I, PARA. XVII. BAIL; FINES; PUNISHMENT; ARREST, ABUSE OF PRISONERS
(Defendant Fluellen and Defendant Sheriff Liability under Respondent Superior)

51.

Plaintiff realleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 23 of this Complaint.

52.

Art. I, Sec. I, Para. XVIII of the Georgia Constitution protects the citizens of the State of Georgia from Excessive bail shall not be required, nor excessive fines

imposed, nor cruel and unusual punishments inflicted; nor shall any person be abused in being arrested, while under arrest, or in prison.

### 53.

While detained in at the CCSO, Plaintiff was subjected to cruel and unusual punishments.

### 54.

The actions of the Defendants violated the rights of the Plaintiff secured to him by Art. I, Sec. I, Para. XVIII of the Georgia Constitution.

### 55.

As a direct and proximate result of the Defendants' acts and omissions, the Plaintiffs sustained permanent physical and psychological injuries.

## FIFTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Defendant Fluellen and Defendant Sheriff Liability under Respondent Superior)*

### 56.

Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 23 of this Complaint.

### 57.

Under Georgia's common law, in a cause of action for intentional infliction of emotional distress, a plaintiff must demonstrate that:

(1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.

58.

A Defendant's conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law. Frank v. Fleet Finance Inc. of Ga., 238 Ga. App. 316 1999; Steed v. Federal Nat. Mtg. Corp., 301 Ga. App. 801 2009; Racette v. Bank of America, N. A., 318 Ga. App. 171 2012.

59.

Defendant Fluellen's willful acts constitute outrageous conduct insofar as they have caused emotional harm to Plaintiff Brown.

60.

Defendant Fluellen's intentional and malicious acts have left Plaintiff Brown traumatized, humiliated, emotionally scarred and permanently disfigured. Plaintiff

Brown has suffered and continues to suffer severe mental anguish and emotional and physical distress.

61.

Defendant Fluellen's conduct was intentional. Lifting Plaintiff Brown while he was handcuffed and throwing him against a metal elevator door face first was extreme and outrageous. Plaintiff Brown posed no threat to Defendant Fluellen at the time of the incident and therefore Defendant Fluellen has no legal justification for his conduct. Defendant Fluellen's excessive use of force have caused Plaintiff Brown emotional distress. Plaintiff Brown's emotional distress is so severe and extreme that Plaintiff Brown has been forced to obtained psychological treatment.

62.

Defendant Fluellen's conduct is the direct and proximate cause for Plaintiff Brown's past and continued severe mental anguish and emotional and physical distress.

63.

Defendant Fluellen's conduct has exacerbated Plaintiff Brown's preexisting mental illness. Defendant Fluellen's conduct has also caused Plaintiff Brown to suffer from additional emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks to this horrible ordeal.

FIFTH CLAIM FOR RELIEF

NEGLIGENT RETENTION
(Against Defendant Sheriff)

64.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 of this Complaint

65.

An employer has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable from the employee's "tendencies" or propensities that the employee could cause the type of harm sustained by the plaintiff. Munroe v. Universal Health Servs., Inc., 277 Ga. 861, 861, 596 S.E.2d 604, 605, 2004.

66.

It is clear from Defendant Fluellen prior uses of force while employed at the CCSO, that it reasonably foreseeable that Defendant Fluellen could cause the type of harm sustained by the Plaintiff.

67.

Defendant Sheriff Hill had prior knowledge of Defendant Fluellen's propensity for violence and unlawful use of force towards inmates in his custody and control before June 16, 2017. Despite Defendant Fluellen's propensity for violence, Sheriff Hill maintained Defendant Fluellen as an employee and failed to take corrective measures to protect inmates in Defendant Fluellen's custody; thus, subjecting CCSO inmates to potential unlawful use of force by Defendant Fluellen.

68.

Defendant Sheriff knowingly and willfully retained Defendant Fluellen as a deputy although he displayed through his acts and omission that he had a complete disregard for the rules and policies set forth at the CCSO.

69.

As a direct result of Defendants' action, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

a. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

b. economic losses on all claims allowed by law;

c. special damages in an amount to be determined at trial;

d. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

e. Attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law pre- and post-judgment interest at the lawful rate; and,

f. any further relief that this court deems just and proper, and any other appropriate relief a law and equity.


Respectfully submitted the 5th day of December 2020

/s/Harry M. Daniels
Harry M. Daniels
Ga Bar No. 234158

Khalil Eaddy
Ga Bar No. 245157

Daniels and James, LLC

233 Peachtree St Ne Suite 1200
Atlanta, Georgia 30303
Tel. 678-664-8529
Fax. 800-867-5248
daniels@danielsjameslaw.com
khalil@danielsjameslaw.com

# Exhibit A


**ARGONAUT INSURANCE COMPANY**

Argonaut Insurance Company
225 W. Washington Street, 24th Floor
Chicago, IL 60606
1-800-422-9120

# PUBLIC RISK LIABILITY

# RETAINED LIMIT POLICY DECLARATIONS

| COMPANY:<br>Argonaut Insurance Company<br>225 West Washington Street 24th Floor<br>Chicago, IL 60606<br><br>Policy Number: 2902073-00 | PRODUCER:<br>Apex Insurance Services<br>PO Box 7035<br>Eugene, OR 97401 |
| --- | --- |

| NAMED INSURED:<br>MAILING ADDRESS: | Clayton County Board of Commissioners |
| --- | --- |
| | 112 Smith St. |
| | Jonesboro, GA 30236 |

THIS POLICY MAY CONTAIN OCCURRENCE COVERAGES, CLAIMS-MADE COVERAGES OR A COMBINATION OF OCCURRENCE AND CLAIMS-MADE COVERAGES.  PLEASE READ THE ENTIRE POLICY CAREFULLY TO DETERMINE RIGHTS AND DUTIES AND WHAT IS AND IS NOT COVERED.

**OCCURRENCE COVERAGES**
**Policy Period        From:  12/31/2016  To:  12/31/2017 at 12:01 A.M. Standard Time**
**at your mailing address shown above.***
*Information may be omitted if shown elsewhere in the policy

**CLAIMS-MADE "WRONGFUL ACT" COVERAGES**
**Policy Period     From: N/A  To: N/A at 12:01 A.M. Standard Time**
**at your mailing address shown above.***

This Insurance does not apply to claims which arose from a "wrongful act" commencing before the Retroactive Date shown below.  Enter 'NONE' if no Retroactive Date applies to this Coverage Part.

RETROACTIVE DATE: **N/A**              COVERAGE: **N/A**
*Information may be omitted if shown elsewhere in the policy

**DESCRIPTION OF OPERATIONS: COUNTY**

**FORMS AND ENDORSEMENTS CONTAINED IN THIS POLICY AT INCEPTION:**
See Policy Forms List.

PREMIUM:      $  Included

**IN RETURN FOR THE PAYMENT OF THE PREMIUM AND SUJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.**

## LIMITS OF INSURANCE

| GENERAL LIABILITY | LIMIT OF INSURANCE |
|---|---|
| EACH OCCURRENCE LIMIT | $10,000,000 |
| DAMAGE TO PREMISES RENTED TO YOU  LIMIT | $ NOT COVERED |
| MEDICAL EXPENSE LIMIT | $ NOT COVERED |
| PERSONAL & ADVERTISING INJURY LIMIT | $ 10,000,000 |
| FAILURE TO SUPPLY LIMIT | $ NOT COVERED |
| GENERAL AGGREGATE LIMIT | $ 20,000,000 |
| PRODUCTS/COMPLETED OPERATIONS LIMIT | $ 10,000,000 Occ/10,000,000 Agg. |
| RETAINED LIMIT | $1,000,000 |

## "WRONGFUL ACT" COVERAGE

A "Wrongful Act" means any of the coverages for which a Limit of Insurance is shown that provides coverage on the basis of Each Wrongful Act, Including Law Enforcement Wrongful Act, Public Officials Wrongful Act or Employment Practices Wrongful Act Coverages

The following "Retained Limit" applies to each "wrongful act" under the Coverage Form for which a Limit of Insurance is shown below:

| RETAINED LIMIT – EACH "WRONGFUL ACT" | LAW | $1,000,000 |
|---|---|---|
| RETAINED LIMIT – EACH "WRONGFUL ACT" | POL & EPL | $10,250,000 |

## "WRONGFUL ACT" CLAIMS – MADE COVERAGE

IMPORTANT NOTICE: THIS COVERAGE PART PROVIDES CLAIMS-MADE COVERAGE.  PLEASE READ THE ENTIRE POLICY CAREFULLY TO DETERMINE RIGHTS AND DUTIES AND WHAT IS AND IS NOT COVERED.

| PUBLIC OFFICIALS LIABILITY | LIMIT OF INSURANCE |
|---|---|
| RETAINED LIMIT COVERAGE FORM | |
| EACH "PUBLIC OFFICIALS WRONGFUL ACT" LIMIT | $ NOT APPLICABLE |
| ANNUAL AGGREGATE | $ NOT APPLICABLE |
| EMPLOYMENT PRACTICES LIABILITY | LIMIT OF INSURANCE |
| RETAINED LIMIT COVERAGE FORM | |
| EACH "EMPLOYMENT PRACTICES WRONGFUL ACT" LIMIT | $ NOT APPLICABLE |
| ANNUAL AGGREGATE LIMIT | $ NOT APPLICABLE |

| 'WRONGFUL ACT" OCCURRENCE COVERAGE | |
| --- | --- |
| LAW ENFORCEMENT LIABILITY | LIMIT OF INSURANCE |
|    RETAINED LIMIT OCCURRENCE COVERAGE FORM | |
| EACH "LAW ENFORCEMENT WRONGFUL ACT" LIMIT | $ 10,000,000 |
| ANNUAL AGGREGATE LIMIT | $ 20,000,000 |
| PUBLIC OFFICIALS LIABILITY | LIMIT OF INSURANCE |
|    RETAINED LIMIT OCCURRENCE COVERAGE FORM | |
| EACH "PUBLIC OFFICIALS WRONGFUL ACTS" LIMIT | $10,000,000 |
| ANNUAL AGGREGATE LIMIT | $20,000,000 |
| EMPLOYMENT PRACTICES LIABILITY | LIMIT OF INSURANCE |
|    RETAINED LIMIT OCCURRENCE COVERAGE FORM | |
| EACH "EMPLOYMENT PRACTICES WRONGFUL ACT" LIMIT | $10,000,000 |
| ANNUAL AGGREGATE LIMIT | $20,000,000 |
| | |
| EMPLOYEE BENEFITS LIABILITY | LIMIT OF INSURANCE |
|    RETAINED LIMIT COVERAGE FORM | |
| EACH "EMPLOYEE BENEFITS WRONGFUL ACT" LIMIT | $ INCLUDED IN GL LIMIT |
| ANNUAL AGGREGATE LIMIT | $ INCLUDED IN GL LIMIT |

CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing Amended Complaint to the Clerk of Court using the Odyssey eFileGA e-filing system which will automatically send electronic mail notification to the following:

FREEMAN MATHIS & GARY, LLP
A. Ali Sabzevari
Jack R. Hancock
asabzevari@fmglaw.com
jhancock@fmglaw.com
661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Respectfully submitted the 5th day of December 2020

/s/Harry M. Daniels
Harry M. Daniels
Ga Bar No. 234158