IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | |
|---|---|
| MARLON BROWN,<br><br>       Plaintiff,<br>v.<br><br>PATRICK DAVID FLUELLEN, in his<br>individual capacity; SHERIFF VICTOR<br>HILL, in his official capacity as Sheriff<br>for Clayton County,<br><br>       Defendants. | CIVIL ACTION FILE<br>NO. 1:21-CV-00010-<br>SDG |

## **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

NOW COME Plaintiff Marlon Brown, and respectively request this Court to deny the Defendants' Motion to Dismiss the Plaintiff's Complaint in its entirety. For the reason more fully set forth below in the Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Plaintiff's Complaint, the Plaintiffs respectively request this Court to deny the Defendants' Motion to Dismiss in its entirety.

## INTRODUCTION AND PROCEDURAL HISTORY

On October 2, 2020, Marlon Brown ("Plaintiff") filed an action in the State Court of Clayton County against Patrick David Fluellen ("Defendant Fluellen") and Sheriff Victor Hill, in his official capacity as Clayton County Sheriff ("Defendant Hill"), after he was released from the Georgia Department of Correction on June 17, 2020. (See Exhibit A, Georgia Department of Correction Incarceration Details of Marlon Brown).

On June 16, 2017, Defendant Fluellen threw Plaintiff, a pretrial detainee, face first into a steel elevator while Plaintiff's hands were cuffed, and legs were shackled. As a result of Defendant Fluellen's action, Plaintiff sustained lacerations to his face and lips, and chipped and cracked teeth. (See Exhibit B, Clayton County Surveillance Video DSV119-Courtside ELE C).[1]   In his complaint, Plaintiff brought the state law claims of battery, assault, cruel and unusual punishment, intentional infliction of emotional distress against Defendant Fluellen as the active tortfeasor and against Defendant Hill under respondeat superior.  Plaintiff also asserts a negligent retention claim against Defendant Hill. On November 6, 2020, Defendants filed a motion to dismissed Plaintiff's action. On December 7, 2020, Plaintiff amended his complaint. In his amended complaint, Plaintiff added a Section 1983 claim of

---

[1] Manually filed with the Clerk of Courts with Plaintiff's Amended Complaint.

excessive force under the Fourth and Fourteenth Amendments against Defendant Fluellen.

As further discussed below, Defendants' assertion that Plaintiff is barred under the Prison Litigation Reform Act ("PLRA") based on Plaintiff's failure to exhaust his administrative remedies at the Clayton County Jail ("CCJ"), lacks all merit. Additionally, Defendants' argument that Plaintiff's Fourteenth Amendment excessive force claims against Defendant Fluellen are barred by qualified immunity, also lacks merit. Further, Defendant Fluellen is not entitled to official immunity on Plaintiff's state law claims because Defendant Fluellen acted with malice and violated a ministerial duty. Next, Plaintiff's state law claims against Defendant Hill are not barred by sovereign immunity because Clayton County purchased insurance to cover misconduct of law enforcement. Finally, Plaintiff's complaint states claims in which relief can be granted on his state law claims of cruel and unusual punishment, intentional infliction of emotional distress and negligent retention, attorney's fees and punitive damages. For all of these reasons, this Court should deny Defendants' motion.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    Plaintiff's Complaint is <u>NOT</u> Subject to Dismissal Under the PLRA because Plaintiff was not a prisoner confined in any jail, prison, or other correctional facility at the time he filed his action.**

The PLRA provides in pertinent part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Notably, the PLRA, 42 U.S.C. § 1997e(a), is not applicable to suits filed by inmates subsequent to their release from prison. See <u>Douse v. F. Hansen</u>, No. 2:04-cv-64-FtM-29DNF, at *4 n.1 (M.D. Fla. Oct. 12, 2005); also See <u>Page v. Torrey</u>, 201 F.3d 1136, 1139-40 (9th Cir. 2000); and <u>Greig v. Goord</u>, 169 F.3d 165, 167 (2nd Cir. 1999). Further, the Eleventh Circuit held that the limitation on recovery set forth in § 1997e(e) did not apply to suits brought by former inmates subsequent to their release. <u>Harris v. Garner</u>, 216 F.3d 970, 979-80(11th Cir. 2000). Moreover, the term "prisoner" under 42 U.S.C. § 1997e, means any person incarcerated  or detained in any  facility who  is accused  of, convicted  of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42

U.S.C. § 1997e(h) Further, the plain language of the statute demonstrates that it applies to detainees and inmates confined in a jail.  <u>Baker v. Duval Cty. Jail</u>, No. 17-12453-H, 2018 U.S. App. LEXIS 28147, at *1 n.1 (11th Cir. Oct. 4, 2018).  As stated above, Plaintiff was released from the Georgia Department of Correction on June 17, 2020. Plaintiff filed this action on October 2, 2020.  Therefore, based on the plain language of the statute, Plaintiff's complaint is not subject to dismissal under the PLRA because Plaintiff was not a prisoner, detainee or inmates confined in any jail, prison, or other correctional facility at time he filed his action on October 2, 2020.

### B. Plaintiff's Section 1983 Claim Against Defendant Fluellen Is <u>Not</u> Barred by Qualified Immunity

I. Defendant Fluellen Clearly Violated Plaintiff's Fourteenth Amendment by Knowingly Using Forced Against Plaintiff that was Objectively Unreasonable.

To establish an excessive force claim in violation of the Fourteenth Amendment, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." <u>Kingsley v. Hendrickson</u>, 135 S. Ct. 2466, 2473 (2015). "Objective reasonableness turns on the facts and circumstances of each particular case." Id, (internal quotation and citation omitted). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not rationally related to a

legitimate nonpunitive governmental purpose or that the actions appear excessive in relation to that purpose." Id. (internal quotation marks and citation omitted).  A court is required to make the determination of objective reasonableness "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight" and must account for the "legitimate interests that stem from the government's need to manage the facility in which the individual is detained." Id. (internal quotation and citation omitted, alteration accepted). <u>Kingsley</u> instructs that a court consider the following non-exhaustive factors in determining reasonableness: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made by the officer to temper or to limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the officer; and (6) whether the plaintiff was actively resisting. Id.  Undisputed video evidence in the action, show Defendant Fluellen lifting Plaintiff off the ground and throwing Plaintiff into the open elevator causing Plaintiff to strike the rear of the steel elevator face first. Plaintiff was unable to brace for impact due to him being handcuffed and shackled. Plaintiff suffered visible lacerations to his face, lips, ankles, and wrists. Additionally, as a result of Defendant Fluellen's conduct, Plaintiff has numerous chipped and cracked teeth which will require repair. Plaintiff has suffered substantial physical and visible

bodily harm. At the time his right was violated, Plaintiff was a pretrial detainee held at the CCJ. In fact, on the date in question, Plaintiff was scheduled for hearing in the Superior Court of Clayton County. (See Amend Compl., ¶¶ 6-7).

II.    The Relationship Between the Need for the Use of Force and the
        Amount of Force Used

Video evidence in this matter, unequivocally shows, that Defendant Fluellen's use of force was unwarranted, malicious, inhumane, unnecessary and was not rationally related to a legitimate nonpunitive governmental purpose. Upon review of the video evidence in this matter, this Honorable Court should readily conclude that Defendant Fluellen's actions cut heavily against the moral dignity, decency, and goodwill of humanity. Notably, after an investigation was conducted by the GBI, Defendant Fluellen was charged with two felonies - Aggravated Battery and Violation of Oath of Office. Defendant Fluellen was subsequently arrested. This is not a case where "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it ...." Scott v. Harris, 550 U.S. 372, 378-80 (2007) (holding that, where video evidence is at issue, the court must "view[] the facts in the light depicted by the videotape."). The videotape evidence is conclusive and irrefutable in this case.

III.    Defendant Fluellen in Not Entitled to Qualified Immunity on
        Plaintiff's Fourteenth Amendment claim

"Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Sherrod v. Johnson, 667 F.3d 1359, 1363 (11th Cir. 2012) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To claim qualified immunity, a defendant must first show he was performing a discretionary function. Moreno v. Turner, 572 F. App'x. 852, 855 (11th Cir. 2014). "Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply." Edwards v. Shanley, 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting Lewis v. City of W. Palm Beach, Fla., 561 F.3d 1288, 1291 (11th Cir. 2009)). A plaintiff demonstrates that qualified immunity does not apply by showing: "(1) the defendant violated a constitutional right, and the right was clearly established at the time of the alleged violation." Moreno, 572 F. App'x at 855. Here, it is undisputed the Defendant Fluellen was performing a discretionary function at the time he used unjustifiable and excess force towards the Plaintiff.

In terms of the second prong of the qualified immunity analysis, "[f]or a 'right' to be clearly established, [t]he contours of the right must be sufficiently clear that a reasonable official would understand that *what he is doing* violates that

right." Rodgers v. Horsley, 39 F.3d 308, 310 (11th Cir. 1994) (per curiam) (quotation and citation omitted) (emphasis in original). In determining whether a right is clearly established, "[t]he relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Hadley v. Gutierrez, 526 F.3d 1324, 1333-34 (11th Cir. 2008) To qualify as clearly established law, "a legal principle must have a sufficiently clear foundation in then-existing precedent." District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018). This means that the principle is "settled law" and also is one that "every reasonable official would know." Id. at138 S. Ct. at 589-90 (citations and internal quotation marks omitted). In the context of excessive force cases like this one, it is important to define the right at issue with specificity. See City of Escondido v. Emmons,  139 S. Ct. 500, 2019 WL 113027, at *2-3 (2019) (per curiam) (citation omitted). Even so, a plaintiff may still overcome the qualified immunity defense without a factually similar case finding particular conduct unconstitutional if existing precedent places the unlawfulness of the conduct "beyond debate." Wesby, 138 S. Ct. at 590. At the end of the day, "the critical question is whether the law gave the officer 'fair warning' that his conduct was unconstitutional." see Piazza v. Jefferson Cnty., Ala., 923 F.3d 947, 955 (11th Cir. 2019). Here, the law of this Circuit gave Defendant Fluellen fair warning that his conduct was unconstitutional. The Eleventh Circuit Court opined, in no

uncertain terms, that '[w]hen jailers continue to use substantial force against a prisoner who has clearly stopped resisting—whether because he has decided to become compliant, he has been subdued, or he is otherwise incapacitated—that use of force is excessive.'" Danley v. Allen, 540 F.3d 1298, 1309 (11th Cir. 2008); also see Coffman v. Battle, No. 19-10592, at *13 (11th Cir. Sep. 11, 2019). Notably, in this matter, Plaintiff was never resisting Defendant Fluellen.  Additionally, the court has held that "a defense of qualified immunity is not available in cases alleging excessive force . . . because the use of force 'maliciously and sadistically to cause harm' is clearly established to be a violation of the Constitution." Skrtich v. Thornton, 280 F.3d 1295, 1301(11th Cir. 2002). Further, the court has held that the use of excessive force sadistically and maliciously for the very purpose of causing harm "is so extreme that every conceivable set of circumstances in which this constitutional violation occurs is clearly established to be a violation of the Constitution." Johnson v. Breeden, 280 F.3d 1308, 1321-22 (11th Cir. 2002). In determining whether malicious and sadistic intent existed, the court consider: (1) the need for the application of force; (2) the relationship between the need for force and the amount of force used; (3) "the extent of the resulting injury;" (4) the threat reasonably perceived by the responsible officials; (5) and "efforts made to temper the severity of a forceful response." Danley, 540 F.3d  at 1307 (quotation and citation omitted). From these factors, "inferences may be drawn as to whether the

use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Skrtich, 280 F.3d at 1300-01 (quotation and citation omitted). As aforementioned, undisputed evidence is on that record that clearly establishes that Defendant Fluellen acted with malicious and sadistic intent when he unjustifiably threw the Plaintiff face first into a steel elevator while the Plaintiff's hands were cuffed, and legs were shackled causing him to sustain lacerations to his face and lips, chipped and cracked teeth. Finally, the Supreme Court clarified that "a pretrial detainee raising a Fourteenth Amendment claim needn't prove an officer's subjective intent to harm but instead need show only that 'the force purposely or knowingly used against him was objectively unreasonable.'" Kingsley 135 S. Ct. at 2473.

Based on the above authority and facts, Defendant Fluellen in not entitled to qualified immunity on Plaintiff's Fourteenth Amendment claim.

**C.    Plaintiff's State Law Claims Against Officer Fluellen Are NOT Barred by Official Immunity**

On June 16, 2017, Defendant Fluellen lifted a defenseless and helpless Plaintiff from the ground and threw him into the open elevator causing Plaintiff to strike the rear of the steel elevator face first. Plaintiff was unable to brace for impact due to his hands being cuffed and shackles on his ankles. (See Amend

Compl., ¶ 9.)   Immediately after throwing Plaintiff into the steel elevator door, Defendant Fluellen pointed his taser at Plaintiff while Plaintiff was handcuffed, dazed, and injured. Plaintiff posed no threat to Defendant Fluellen. (See Amend Compl., ¶ 10.)   Plaintiff was transported to the medical floor where he received treatment for lacerations to his face, lips, ankles, and wrists. Plaintiff also complained of back and neck pain. Additionally, Plaintiff sustained several chipped and cracked teeth. (See Amend Compl., ¶ 11.)   Additionally, Plaintiff sustained permanent scarring and injuries as a result of Defendant Fluellen's *malicious and sadistic acts* towards him. Plaintiff also suffers from severe mental anguish and severe emotional distress. (See Amend Compl., ¶ 22.)   Defendant Fluellen's excessive force was in a direct violation of Georgia's law. Art. I, Sec. I, Para. XVIII of the Georgia Constitution protects the citizens of the State of Georgia from Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted; nor shall any person be abused in being arrested, while under arrest, or in prison. Not only were Defendant Fluellen's acts towards Plaintiff were *malicious and sadistic, they were felonious.* After an investigation was conducted by the GBI, Defendant Fluellen was charged with two felonies - Aggravated Battery and Violation of Oath of Office. Defendant Fluellen was subsequently arrested. (See Compl., ¶ 20.)   OCGA § 16-5-24 provides:

> A person commits the offense of aggravated battery when he or she *maliciously causes bodily harm* to another by depriving him or her of

> a member of his or her body, by rendering a member of his or her
> body useless, or by seriously disfiguring his or her body or a member
> thereof.

Ga. Code § 16-5-24 (emphasis added)

Therefore, based on the enumerated allegation in the Plaintiff's Amended

Complaint and the mere definition of aggravated battery, Defendant Fluellen acted

with actual malice at the time he threw the Plaintiff into a steel elevator door.

Unfortunately, for the Defendants their assertion that the Plaintiff failed to allege

facts that support actual malice contravenes well-established law. In <u>Austin v.</u>

<u>Clark</u>, 294 Ga. 773 (2014), the Georgia Supreme Court reversed the dismissal of a

complaint. The Court quoted one of its earlier decisions that set forth the following

pleading standard:

> A motion to dismiss for failure to state a claim upon which relief
> may be granted should not be sustained unless (1) the allegations
> that the complaint disclosed with certainty that the claimant would
> not be entitled to relief under any state of provable facts asserted in
> support thereof, and (2) **the movant establishes that the claimant**
> **could not possibly introduce evidence within the framework of**
> **the complaint sufficient to warrant a grant of the relief sought**
> …. In deciding a motion to dismiss, all pleadings must be construed
> most favorably to the party who filed them, and all doubts regarding
> such pleadings must be resolved in the filing party's favor.

<u>Id.</u> at 774-75. (emphasis added).


**D.    Claims Against Defendant Sheriff Hill Are Not Barred By Sovereign**
**Immunity**

Georgia courts, moreover, have held that a sheriff in his official capacity is entitled to raise the defense of sovereign immunity. Seay v. Cleveland, 270 Ga. 64, 65, 508 S.E.2d 159, 161 (1998) ("sovereign immunity acts as a bar to such claims against a sheriff in his official capacity unless sovereign immunity has been waived"); Ankerich v. Savko, 319 Ga. App. 250, 252, 734 S.E.2d 805, 807 (2012) (lawsuit against a deputy sheriff in her official capacity is considered a suit against the county, and the deputy sheriff is entitled to assert any defense or immunity that the county could assert, including sovereign immunity); Soley v. Dodson, 256 Ga. App. 770, 772, 569 S.E.2d 870, 873 (2002). Section 33-24-51 (b) provides:

> Whenever a . . . county . . . shall purchase the insurance authorized by subsection (a) of this Code section to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his official duties, its governmental immunity shall be waived to the extent of the amount of insurance so purchased. Neither the . . . county . . . nor the insuring company shall plead governmental immunity as a defense; and the . . . county . . . or the insuring company may make only those defenses which could be made if the insured were a private person.

Regardless of the label placed on a liability policy by a governmental entity, this court has repeatedly held that liability insurance protection purchased or created by a governmental entity to insure against its own liability waives that entity's sovereign immunity. Gilbert v. Richardson, 264 Ga. 744, 751-52 (Ga. 1994). Plaintiff claims are based on wrongful acts by the Defendants - law enforcement public officials.   At all times relevant to this claim in 2017, Clayton County

purchase of insurance for law enforcement liability and wrongful acts by law enforcement. (See Exhibit C, Clayton County's Public Risk Liability Declaration of Insurance).[2] Therefore, Clayton County purchase of a liability coverage agreement covering law enforcement liability and wrongful acts by law enforcement constitutes the purchase of insurance as contemplated by § 33-24-51 (b). Therefore, the county has waived its sovereign immunity to the extent of its liability coverage and so did the Clayton County Sheriff's Office.

### E.    Plaintiff's Complaint Does Not State an Independent Claim for Cruel and Unusual Punishment

Plaintiff alleged that his right to be free from cruel and unusual punishments. under Georgia constitutional was violated. It is well established that an individual can bring suit if their federal or state constitutional rights are violated.  Plaintiff clearly brought his claim due to the violation of his constitutional rights under the Georgia constitution.  (See Amend Compl., ¶¶ 51-55).   The defendants' argument that Plaintiff brought an independent claim of cruel and unusual punishment is nonsensical at best.

### F.    Plaintiff Has Stated A Claim on His State Claim for Intentional Infliction of Emotional Distress (IIED) Claim.

A motion to dismiss brought pursuant to O.C.G.A. § 9-11-12(b)(6) should

---

[2] [2] Manually filed with the Clerk of Courts with Plaintiff's Amended Complaint.

be granted only if the allegations in the plaintiff's complaint reveal with certainty that the plaintiff is not entitled to relief "under any state of provable facts asserted in support of the Complaint." See Paul and Suzie Schutt Irrevocable Family Trust v. NAC Holding, Inc., 283 Ga. App. 834, 835 (2007). Such a motion does not test whether the plaintiff will prevail on the merits of the case. Instead, it tests whether the plaintiff has failed to state a claim upon which relief can be granted. Further, the Georgia Supreme Court has synthesized the full legal standards for considering a 12(b)(6) motion to dismiss:

> In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, a court must assume the factual allegations of the complaint are true, even if they are doubtful in fact. The Civil Practice Act 'does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations.' The critical question is whether, under the assumed set of facts, a right to some form of legal relief would exist. Thus, a complaint will not be dismissed under O.C.G.A. § 9-11-12(b)(6) for requesting the wrong form of relief, or no relief at all, as long as the complainant is entitled to some legal remedy under the facts pled.

Charles H. Wesley Educ. Foundation, Inc. v. State Election Board, 282 Ga. 707, 714, (2007) (internal citations and footnotes omitted); see also Simmons v. Brady, 251 Ga. App. 717, 718, (2001) (while a motion for summary judgment involves viewing the facts in the light most favorable to the non-movant, the standard for a motion to dismiss is "quite different;" on a motion to dismiss, "the court must accept the plaintiff's claims as true and determine whether the complaint states a cause of action."). Applying these standards to this case and viewing all of

Plaintiff's allegations as true, Defendants' Motion to Dismiss should be denied in all respects.

As stated above, A motion to dismiss brought pursuant to O.C.G.A. § 9-11-12(b)(6) should be granted only if the allegations in the plaintiff's complaint reveal with certainty that the plaintiff is not entitled to relief "under any state of provable facts asserted in support of the Complaint." <u>Paul and Suzie Schutt Irrevocable Family Trust</u>, 283 Ga. App. at 835. Such a motion does not test whether the plaintiff will prevail on the merits of the case. Instead, it tests whether the plaintiff has failed to state a claim upon which relief can be granted. The Defendants argue that the Plaintiff also fails to allege that he <u>suffered severe emotional distress.</u> "To demonstrate that the emotional distress she suffered was severe, a plaintiff must show, at the very least, that physical and/or mental manifestations of that distress required her to seek medical or psychological treatment." Additionally, the Defendants argue that the Plaintiff makes <u>no allegation</u> that any distress has resulted in medical or psychological treatment.  Here the Plaintiff only need to point to the four corners of the complaint to show the above arguments by the Defendants are not rooted in facts. Plaintiff's amended complaint allege the following:

60.

Defendant Fluellen's intentional acts have left Plaintiff Brown traumatized, humiliated, and emotionally scarred. Plaintiff Brown has

***suffered and continues to suffer severe mental anguish and emotional and physical distress***.

61.

Defendant Fluellen's conduct was intentional. Lifting Plaintiff Brown while he was handcuffed and throwing him against a metal elevator door face first was extreme and outrageous. Plaintiff Brown posed no threat to Defendant Fluellen at the time of the incident and therefore Defendant Fluellen has no legal justification or his conduct. Defendant Fluellen's excessive use of force have caused Plaintiff Brown emotional distress. ***Plaintiff Brown's emotional distress is so severe and extreme that Plaintiff Brown has been forced to obtained psychological treatment***.

62.

Defendant Fluellen's conduct is the direct and proximate cause for Plaintiff Brown's past and continued ***severe mental anguish and emotional and physical distress***.

63.

Defendant Fluellen's conduct has exacerbated Plaintiff Brown's preexisting mental illness. Defendant Fluellen's conduct has also caused Plaintiff Brown to suffer from additional ***emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks to this horrible ordeal***.

(emphasis added)

Based on the above allegation this Honorable Court should reject the Defendants' argument the Plaintiff failed to state a claim for IIED.

**G.    Plaintiff Has Stated A Claim for Negligent Retention**

An employer has a duty to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable from the employee's "tendencies" or propensities that the employee could cause the type of harm sustained by the plaintiff. Munroe v. Universal Health Servs., Inc., 277 Ga. 861, 861, 596 S.E.2d 604, 605, 2004. Here the Plaintiff only need to point to the four corners of the complaint to show the above arguments by the Defendants are not rooted in facts. Plaintiff's amended complaint alleges the following:

19.

*Over the course of Defendant Fluellen's tenure with CCSO, Defendant Fluellen has been the subject of numerous uses of force incidents while within his scope of employment. Despite Defendant Fluellen's propensity for violence, Sheriff Hill maintained Defendant Fluellen as an employee and failed to take corrective measures to protect inmates in Defendant Fluellen's custody; thus, subjecting CCSO inmates to potential unlawful use of force by Defendant Fluellen.*

66.

*It is clear from Defendant Fluellen prior uses of force while employed at the CCSO, that it reasonably foreseeable that Defendant Fluellen could cause the type of harm sustained by the Plaintiff.*

67.

*Defendant Sheriff Hill had prior knowledge of Defendant Fluellen's propensity for violence and unlawful use of force towards inmates in*

*his custody and control before June 16, 2017. Despite Defendant Fluellen's propensity for violence, Sheriff Hill maintained Defendant Fluellen as an employee and failed to take corrective measures to protect inmates in Defendant Fluellen's custody; thus, subjecting CCSO inmates to potential unlawful use of force by Defendant Fluellen.*

68.

*Defendant Sheriff knowingly and willfully retained Defendant Fluellen as a deputy although he displayed through his acts and omission that he had a complete disregard for the rules and policies set forth at the CCSO.*
*(emphasis added)*

Based on the above allegation this Honorable Court should reject the Defendants' argument the Plaintiff failed to state a claim for Negligent Retention.

### H.    Punitive Damages Claim Is Not Subject to Dismissal

Based on the above facts and authority, Plaintiff have stated claims that relief can be granted. Therefore, Plaintiff is entitled to punitive damages against Defendant Fluellen for his sadistic, malicious and intentional acts towards the Plaintiff.

CONCLUSION

For the reasons set forth above, this Court should deny Defendants' motion and dismiss Plaintiff's complaint.

Respectfully submitted the 13th day of January 2021

/s/Harry M. Daniels
Harry M. Daniels
Ga Bar No. 234158
Khalil Eaddy
Ga Bar No. 245157

Daniels and James, LLC
233 Peachtree St Ne Suite 1200
Atlanta, Georgia 30303
Tel. 678-664-8529
Fax. 800-867-5248
daniels@danielsjameslaw.com
khalil@danielsjameslaw.com

CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of

law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman

font, 14 point).

This 13th day of January 2021.

/s/Harry M. Daniels
Harry M. Daniels
Ga Bar No. 234158

CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

FREEMAN MATHIS & GARY, LLP
A. Ali Sabzevari
Jack R. Hancock
asabzevari@fmglaw.com
jhancock@fmglaw.com
661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Respectfully submitted the This 13th day of January 2021.

/s/Harry M. Daniels
Harry M. Daniels
Ga Bar No. 234158