IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARLON BROWN,<br><br>       Plaintiff,<br>v.<br><br>PATRICK DAVID FLUELLEN, et al.<br><br>       Defendants. | CIVIL ACTION FILE<br>NO. 1:21-CV-00010-SDG |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Patrick David Fluellen and Sheriff Victor Hill, in his official capacity as Clayton County Sheriff, file their reply brief.

    **I.**    **ARGUMENT AND CITATION OF AUTHORITY**

**A.**    **Plaintiff's Release From Custody Prior To Filing This Action Renders The PLRA Inapplicable**

In their initial brief, defendants established that plaintiff's complaint is subject to dismissal under the Prison Litigation Reform Act ("PLRA") because plaintiff alleges that he is an "inmate" at the Clayton County Jail ("CCJ") and the evidence shows that he failed to exhaust his administrative remedies at the CCJ prior to filing suit. (Doc. 5-1, pp. 4-8.)

In response, plaintiff does not dispute that he failed to exhaust his administrative remedies at the CCJ but instead contends that the PLRA does not apply because he filed the instant suit *after* he was released from custody. (Doc. 8-

1, p. 5.)  While plaintiff makes no such allegation of release in his complaint, plaintiff attached to his response brief as Exhibit A what appears to be a printout from the Department of Corrections purporting to show that plaintiff was released on parole from Johnson State Prison on June 17, 2020.  (Id., Exhibit A.)

Defendants acknowledge that the Court may consider Exhibit A outside of the pleadings to determine whether plaintiff's complaint should be dismissed for failure to exhaust administrative remedies under the PLRA.[1]  White v. Berger, 709 F. App'x 532, 541 n.4 (11th Cir. 2017) ("When ruling on a motion to dismiss for failure to exhaust administrative remedies, the court may consider evidence outside the pleadings.").  Therefore, although plaintiff did not plead that he was no longer confined in jail or any other institution, defendants withdraw their arguments regarding exhaustion under the PLRA in light of Exhibit A and plaintiff's representation that he was not incarcerated at the time he filed suit.  S.R. v. United States, 2007 U.S. Dist. LEXIS 113036, at *5 (S.D. Fla. Aug. 20, 2007) ("The Eleventh Circuit has held that the PLRA does not apply to plaintiffs who have been released from federal custody prior to the initiation of a lawsuit.").

---

[1] Defendants object, however, to the Court's consideration of plaintiff's Exhibit C, which was manually filed and contains a purported "Clayton County Surveillance Video," because this exhibit was not actually attached to the complaint and falls outside of the pleadings. "When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true[.]" Huling v. Franklin Collection Serv., Inc., 2016 WL 4803196, at *2 (N.D. Ga. Sept. 13, 2016).

B.      **Section 1983 Claims Against Fluellen Barred By Qualified Immunity**

1.      **No Constitutional Violation**

Defendants established that plaintiff fails to state a viable claim under either the Fourth or Fourteenth Amendments because he does not allege that he was an arrestee or pretrial detainee at the time Officer Fluellen allegedly used force. (Doc. 5-1, pp. 9-11.) Rather, plaintiff alleges that he was an "inmate," and therefore, the Eighth Amendment rather than the Fourth or Fourteenth Amendment applies to any excessive force claim. (Id.) In response, plaintiff does not address the grounds for dismissal of his Fourth Amendment claim. (Doc. 8-1, pp. 5-8.) Therefore, the Court should find that plaintiff has abandoned this claim. Gore v. Jacobs Eng'g Grp., 706 F. App'x 981, 986 (11th Cir. 2017) (a plaintiff's "failure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned.") (citing Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000)).

Turning to his claim under the Fourteenth Amendment, plaintiff contends that "[a]the time his right [sic] was violated, he was a pretrial detainee held at the CCJ" and cites to his allegation in the complaint that he was scheduled for a hearing in the Superior Court of Clayton County "on the date in question." (Doc. 8-1, pp. 6-7) (citing Doc. 2, ¶¶ 6-7). However, nowhere in plaintiff's complaint does he allege that he was a pretrial detainee at the time of the subject incident.

Nor can such an inference be made from the allegation that he was scheduled for some type of a hearing. (Doc. 2, ¶¶ 6-7.) Rather, plaintiff affirmatively states in his complaint that at the time of the subject incident, he "was an inmate in the care and custody of the Clayton County Sheriff's Office and the Clayton County Jail." (Id., ¶ 5.) Quigg v. Linder, 2020 U.S. Dist. LEXIS 232542, at *25 (D. Mont. Nov. 24, 2020) ("Whether Mr. Quigg was a 'convicted inmate' or a 'pretrial detainee' makes a difference as to whether his § 1983 claims arise under the Cruel and Unusual Punishment Clause of the Eighth Amendment, or under the Due Process Clause of the Fourteenth Amendment."); Meraz v. Beck, 2019 U.S. Dist. LEXIS 130878, at *7 n.1 (C.D. Cal. Apr. 24, 2019) (same). Cf. Shaw v. Briody, 2005 U.S. Dist. LEXIS 51676, at *7 (M.D. Fla. Sep. 20, 2005) ("Admittedly, the Court recognizes differences between the inmate/jailer and the civil detainee/detainor relationships.").

Because plaintiff was not a pre-trial detainee at the time of the subject incident, and he unequivocally alleges that he was an *inmate*, neither the Fourteenth Amendment nor Kingsley v. Hendrickson, 576 U.S. 389 (2015), a case involving claim from a "pretrial detainee," have any applicability to plaintiff's claim of excessive force.[2] (Doc. 8-1, pp. 5-7.)

---

[2] In Kingsley, a decision addressing a *pretrial detainee's* excessive force claim against a jailer, the Supreme Court held that under the Fourteenth Amendment, the detainee "must show only that the force purposely or knowingly used against him

Plaintiff fails to (and simply cannot) make out a prima facie claim of excessive force under the Fourteenth Amendment. As the Eleventh Circuit has held, "[t]he Eighth Amendment's ban on 'cruel and unusual punishments' governs a jail officer's use of force against a convicted prisoner." Miles v. Jackson, 757 F. App'x 828, 829 (11th Cir. 2018) (citing Kingsley.) Plaintiff has brought no claim under the Eighth Amendment, and his claim under the Fourteenth Amendment is simply not viable.

### 2. No Violation of Clearly Established Law

Defendants also established in their initial brief that Officer Fluellen is entitled to qualified immunity for the additional reason that he did not violate clearly established law under the Fourth or Fourteenth Amendments. (Doc. 5-1, pp. 11-13.) In response, plaintiff acknowledges that it his burden to demonstrate that qualified immunity does not apply, and in order to do so, he must show that the right at issue has been defined with specificity and that "a legal principle must have a sufficiently clear foundation in then-existing precedent." (Doc. 8-1, pp. 8-

---

was objectively unreasonable.... A court must make this determination from the perspective of a reasonable [official] on the scene, including what that [official] knew at the time, not with the 20/20 vision of hindsight." 135 S.Ct. at 2473. The Supreme Court's ruling establishes that in the officer-involved use force context, a *pretrial detainee* is no longer required to show that the defendant applied the force "maliciously or sadistically for the very purpose of causing harm," but instead "a pretrial detainee must show only that the force . . . used against him was objectively unreasonable." Id. at 2466.

9.)  In an effort to extinguish this burden, plaintiff cites to Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002), Johnson v. Breeden, 280 F.3d 1308, 1311 (11th Cir. 2002), Danley v. Allen, 540 F.3d 1298, 1303 (11th Cir. 2008), and Coffman v. Battle, 786 F. App'x 926, 928 (11th Cir. 2019).  (Doc. 8-1, pp. 10-11.)

Foremost, Coffman was decided on September 11, 2019, over two years after the subject incident on June 16, 2017, and cannot clearly establish the law for purposes of this case.  West v. Davis, 601 F. App'x 929, 930 (11th Cir. 2015) (affirming district court's grant of qualified immunity and finding that the cases cited by the plaintiff "were decided after the event in question took place.").  As for Skrtich, Johnson, and Danley, these cases are all distinguishable.  In Skrtich and Johnson, the Eleventh Circuit addressed and analyzed a prisoner's claim of excessive force under the Eighth Amendment.[3]  Skrtich and Johnson are inapposite because plaintiff does not assert an Eighth Amendment claim in this case and the facts are otherwise distinguishable. Danley is also inapposite because that case involved a pretrial detainee's claim of excessive force in violation of the

---

[3] The Eleventh Circuit held in Skrtich that: the "undisputed evidence in this record reflected that Skrtich had been electrically shocked to render him unable to resist, and then kicked, punched and beaten. In the absence of any evidence that any force, much less the force alleged here, was necessary to maintain order or restore discipline, it is clear that Skrtich's Eighth Amendment rights were violated." 280 F.3d at 1302.  In Johnson, the defendants appealed from a judgment entered upon a jury verdict finding that while acting as corrections officers they violated the Eighth Amendment rights of the plaintiff, a prisoner, by using excessive force against him. 280 F.3d at 1311.

Fourteenth Amendment based on a jailer's use of pepper spray. 540 F.3d at 1303. As discussed above, plaintiff does not allege that he was a pretrial detainee at the time of the incident, but instead specifically claims that he was an inmate. (Doc. 2, ¶ 5.) Therefore, plaintiff fails to cite to any controlling precedent particularized to the facts of this case that clearly establishes that Officer Fluellen's alleged actions of forcefully placing plaintiff (an inmate at the time) into an elevator constituted excessive force in violation the Fourteenth Amendment.

C.     **State Law Claims Against Fluellen Barred By Official Immunity**

In their initial brief, defendants established that plaintiff's state law claims against Officer Fluellen are barred by official immunity because he was at all times performing law enforcement functions that are discretionary in nature and the complaint fails allege facts to show actual malice on the part of Officer Fluellen. (Doc. 5-1, pp. 13-15.) In his response, plaintiff does not dispute that Officer Fluellen was performing discretionary functions. (Doc. 8-1, pp. 11-13.) Plaintiff contends, rather, that Officer Fluellen is not entitled to official immunity because his discretionary "acts towards Plaintiff were malicious and sadistic" as well as "felonious," which plaintiff contends is sufficient to defeat official immunity. (Id., pp. 11-12.)

Plaintiff's conclusory remarks that Officer Fluellen's actions were malicious, sadistic, or even felonious, are bald legal conclusions that are

insufficient to rise to the level of *actual* malice required to overcome official immunity. Murphy v. Bajjani, 282 Ga. 197, 198, 647 S.E.2d 54, 65-57 (2007) (finding that allegation of "malice" was insufficient to rise to the level of "actual malice" necessary to overcome official immunity); Harper v. Perkins, 459 F. App'x 822, 828 (11th Cir. 2012) (applying official immunity under Georgia law, the Court held that "we cannot rely on [plaintiff's] legal assertions of actual malice in the complaint" for purposes of a motion to dismiss). See also Moseley v. McKesson Med.-Surgical, Inc., 2013 WL 3639686, at *1 (M.D. Fla. July 11, 2013) (allegations that actions were "were willful and done with malice" are insufficient to state an actionable claim because these statements amount to legal conclusions). Legal conclusions must be supported by factual allegations, and a court need not accept them as true. Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010); Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003) (stating that "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal"); Richardson v. Quitman Cnty., Ga., 912 F. Supp. 2d 1354, 1381 (M.D. Ga. 2012) (noting that plaintiffs' reference to malicious intent in complaint did not impact the Court's decision on official immunity).

Turning to the factual allegations referenced by plaintiff in support, plaintiff alleges that Officer Fluellen lifted him and threw him into an open elevator while

he was cuffed and shackled, which plaintiff also contends supports a charge of aggravated battery under O.C.G.A. § 16-5-24.  (Doc. 8-1, pp. 11-12.)  However, this use of force, even if sufficient to support a charge of battery, is insufficient alone to establish actual malice.  See, e.g., Baker v. Clements, 760 F. App'x 954, 956 (11th Cir. 2019) (affirming district court's conclusion that "Defendant Officers were entitled to official immunity from Plaintiff's state law battery claim because Plaintiff had produced no evidence that Defendant Officers acted with actual malice."); Taylor v. Waldo, 309 Ga. App. 108, 112, 709 S.E.2d 278, 282 (2011) (concluding there was insufficient evidence of actual malice to defeat official immunity for assault and battery claim where the defendant "unnecessarily threw [the plaintiff] to the ground and handcuffed him roughly"); Tittle v. Corso, 256 Ga. App. 859, 863, 569 S.E.2d 873, 877 (2002) (concluding that threatening a motorist the dog would attack and slamming the motorist against a car was insufficient to show actual malice).

Actual malice demands a greater showing than the mere use of force or even conduct that could constitute battery.  In Selvy v. Morrison, 292 Ga. App. 702, 665 S.E.2d 401 (2008), for example, the Georgia Court of Appeals upheld the grant of summary judgment to officers who were alleged to have made a groundless arrest, conducted unauthorized searches of the plaintiff's house and guests, used profanity, including calling plaintiff a "stupid bitch" and making derogatory

references about her boyfriends, as well as kicking her minor son in the mouth. Similarly, in the case of Russell v. Barrett, 296 Ga. App. 114, 673 S.E.2d 623 (2009) the Court of Appeals upheld the grant of summary judgment to an officer who violated the Sheriff Department's use of force policy and shot and killed a baby following a struggle with a suspect who was fleeing and carrying the baby, finding that there was no evidence of "actual malice." Id. at 117.

At best, plaintiff's factual allegations may purport to show implied malice, but implied malice has been excluded from the concept of actual malice. Murphy, 282 Ga. at 203, 647 S.E.2d at 60; Caldwell v. Griffin Spalding Cty. Bd. of Educ., 232 Ga. App. 892, 894, 503 S.E.2d 43, 45 (1998) (finding no evidence of actual malice and rejecting the following "implied malice" theory of liability).  Because plaintiff's complaint does not allege facts to show that Officer Fluellen's alleged use of force was performed with actual malice, his state law claims must be dismissed based on official immunity.

D.   **State Law Claims Against Sheriff Hill Barred By Sovereign Immunity**

In their initial brief, defendants established that plaintiff's state law claims against Sheriff Hill are barred by sovereign immunity because plaintiff cannot show any legislative enactment in Georgia that waives the Sheriff's sovereign immunity under the circumstances alleged in this case.  (Doc. 5-1, pp. 15-17.)

In response, plaintiff does not dispute that the Sheriff is entitled to raise sovereign immunity, but contends that sovereign immunity has been waived under O.C.G.A. § 33-24-51(b) based on "Clayton County's purchase of insurance for law enforcement liability and wrongful acts by law enforcement." (Doc. 8-1, pp. 14-15.) Plaintiff is misguided, as O.C.G.A. § 33-24-51(b) has no applicability. While a county's sovereign immunity has been waived pursuant to O.C.G.A. § 33-24-51 (b) in cases "**arising from the use of a motor vehicle**," this action does not involve the negligent use of a motor vehicle. Therefore, O.C.G.A. § 33-24-51(b) does <u>not</u> apply. Georgia law is well-settled, moreover, that sovereign immunity of the County "cannot be waived by the mere purchase of insurance coverage." <u>Woodard v. Laurens Cty.</u>, 265 Ga. 404, 405, 456 S.E.2d 581, 582 (1995).

Accordingly, plaintiff's state law claims against the Sheriff in his official capacity are barred by sovereign immunity and there is no Act of the General Assembly that waives sovereign immunity under the claims asserted. <u>See, e.g.</u>, <u>Richardson v. Quitman Cnty., Ga.</u>, 912 F. Supp. 2d 1354, 1368 (M.D. Ga. 2012) (finding that negligent retention claim against sheriff in his official capacity barred by sovereign immunity under Georgia law). <u>Cf.</u> <u>Tittle</u>, 256 Ga. App. at 862, 569 S.E.2d at 876 (denying motion to substitute the sheriff, in his official capacity, in suit alleging intentional infliction of emotional distress ruling that sheriff would be entitled to the defense of sovereign immunity).

### E. State Law Claims Independently Fail To State A Claim

#### 1. Cruel and Unusual Punishment (Count IV)

Defendants established that plaintiff's cruel and unusual punishment claim (Count IV) is subject to dismissal for failure to state a claim because no such claim exists under Georgia law. (Doc. 5-1, p. 17.) Plaintiff states in his response that the complaint does not state an independent claim for cruel and unusual punishment and therefore concedes dismissal of this claim. (Doc. 8-1, p. 15.)

#### 2. Intentional Infliction of Emotional Distress (Count V)

Defendants established in their initial brief that plaintiff's IIED claim is subject to dismissal because plaintiff does not allege any <u>facts</u> to support each of the elements of an IIED claim, let alone facts which show any inherently outrageous acts taken by Officer Fluellen. (Doc. 5-1, pp. 17-18.) In response, plaintiff quotes verbatim paragraphs 60-63 of his complaint and states that based on these allegations, defendants' arguments should be rejected. (Doc. 8-1, pp. 17-18.) The paragraphs cited allege that Officer Fluellen's conduct of lifting plaintiff and throwing him against a metal elevator door was extreme and outrageous and caused him to suffer severe mental anguish and emotional and physical distress such that plaintiff was forced to obtain psychological treatment. (<u>Id.</u>) But these allegations fail to show extreme and outrageous conduct as interpreted by the Eleventh Circuit and several district courts.

Indeed, even in cases of excessive force, that alone is not sufficient to show extreme and outrageous conduct. Foreman v. City of Port St. Lucie, 294 F. App'x 554, 557 (11th Cir. 2008) (affirming district court's dismissal of plaintiff's IIED claim where officer pointed an unloaded BB gun at plaintiff's husband's chest and pulled the trigger and plaintiff did not know the gun was unloaded). See, e.g., Young v. City of Gulf Shores, 2009 U.S. Dist. LEXIS 28191 (S.D. Ala. Apr. 2, 2009) (dislocating a cooperative arrestee's shoulder and spraying her in the face with pepper spray is not "extreme and outrageous" under Alabama law); Hamilton v. City of Jackson, 508 F. Supp. 2d 1045 (S.D. Ala. 2007) (using unwarranted and excessive force, including choking the plaintiff for thirty to forty seconds, is not "extreme and outrageous").

Plaintiff's IIED claim in the context of an officer's use of force fails to state a claim because use of force in and of itself is not extreme and outrageous. Plaintiff cites no case law for a contrary position. Thus, in addition to official immunity barring this claim, plaintiff's IIED claim should be dismissed for failure to state a claim.

### 3. Negligent Retention (Count V)

Finally, defendants set forth in their initial brief that plaintiff's negligent retention claim (Count V) should be dismissed for failure to state a claim because plaintiff fails to allege that Sheriff Hill knew or should have known that Officer

Fluellen had any propensity to use the alleged "unlawful force," which is what plaintiff alleges caused his injury. (Doc. 5-1, pp. 18-19.)

In response, plaintiff again extracts paragraphs from his complaint, this time citing to paragraph 19, 66, 67, and 68, and contends that these allegations are sufficient to support a claim of negligent retention against Sheriff Hill. (Doc. 8-1, pp. 19-20.) However, nowhere in these paragraphs does plaintiff allege any ***specific previous incidents*** involving Officer Fluellen and use of unlawful force, let alone that Sheriff Hill knew about these specific incidents. Plaintiff's claims, instead, are supported by bald and general allegations, such as the allegation that "Fluellen has been the subject of numerous uses of force incidents" and that he has been involved in "prior uses of force while employed at the CCSO." (Id.) Without identifying any previous incidents involving Officer Fluellen, plaintiff's claim is based merely on one isolated incident which is insufficient to establish a negligent retention claim. See Paul v. Bradshaw, 2013 U.S. Dist. LEXIS 197871, at *26 (S.D. Fla. Aug. 7, 2013) ("a single or isolated incident of this nature, though certainly troubling, is not sufficient to impart liability on the Country for negligent retention[.]"). Indeed, it is axiomatic that an employer must be put on sufficient notice of an employee's propensities, not just one encounter, to afford the employer an opportunity to take action.

Plaintiff cites to Munroe v. Universal Health Servs., Inc., 277 Ga. 861, 866, 596 S.E.2d 604, 608 (2004), but in that case, the Georgia Supreme Court actually affirmed the trial court's grant of summary judgment to the employer, finding that the employer "did not breach its duty to exercise ordinary care to avoid hiring an employee who posed a reasonably foreseeable risk of inflicting personal harm on others." Munroe is inapposite.  In sum, plaintiff alleges facts showing one isolated encounter which in insufficient to show that Officer Fluellen had **a propensity to use excessive force** or that the Sheriff knew of same.  Thus, in addition to sovereign immunity barring this claim, it independently fails because plaintiff cannot establish the foreseeability required to impose liability.

### F. Punitive Damages And Attorney's Fees Claims Subject To Dismissal

In their initial brief, defendants established that Sheriff Hill in his official capacity is immune from punitive damages, and established that because the underlying claims are subject to dismissal,  plaintiff's claims for punitive damages and attorney's fees with respect to these claims are also be subject to dismissal. (Doc. 5-1, pp. 19-20.)   In response, plaintiff does not address the grounds for dismissal of the attorney's fees claims against defendants or the claim for punitive damages against Sheriff Hill.  (Doc. 8-1, p. 20.) Therefore, the Court should find that plaintiff has abandoned these claims.  Gore, 706 F. App'x at 986.

                          **FREEMAN MATHIS & GARY, LLP**

                          */s/ A. Ali Sabzevari*
                          Jack R. Hancock
                          Georgia Bar No. 322450
                          jhancock@fmglaw.com
                          A. Ali Sabzevari
                          Georgia Bar No. 941527
                          asabzevari@fmglaw.com

                          *Attorneys for Defendants*

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 27th day of January, 2021.

                          **FREEMAN MATHIS & GARY, LLP**

                          */s/ A. Ali Sabzevari*
                          A. Ali Sabzevari
                          Georgia Bar No. 941527
                          asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

Harry M. Daniels
Khalil C. Eaddy
Daniels and James, LLC
233 Peachtree St. NE, Suite 1200
Atlanta, GA 30303

This 27th day of January, 2021.

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia  30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)