IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARLON BROWN,

    Plaintiff,

            v.

PATRICK DAVID FLUELLEN, in his
individual capacity; and SHERIFF VICTOR
HILL, in his official capacity as sheriff for
Clayton County,

    Defendants.

Civil Action No.
1:21-cv-00010-SDG

## OPINION AND ORDER

This matter is before the Court on Defendants Patrick David Fluellen and

Sheriff Victor Hill's motion to dismiss [ECF 5]. For the following reasons,

Defendants' motion is **DENIED** with respect to the claims against Defendant

Fluellen and **GRANTED** with respect to the claims against Sheriff Hill.

I.    **BACKGROUND**

   A.    **Factual Allegations**

The following facts are accepted as true for purposes of this Order.[1] On June

16, 2017, the Clayton County Sheriff's Office (CCSO) transported Plaintiff Marlon

---

[1]   *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

Brown from the county jail to the county courthouse for a scheduled hearing.[2]

After several hours at the courthouse, Brown was notified that a judge would not

see him that day.[3] Fluellen instructed Brown to walk toward the elevators so that

he could return to the jail.[4] As Brown began to enter the elevator with his hands

cuffed and shackles around his ankles, Fluellen lifted Brown from behind and

threw him into the steel elevator.[5] Brown's face hit the back wall of the elevator

and he fell to the floor.[6] Brown was later transported to the medical unit of the

courthouse for treatment.[7] Brown sustained injuries to his face, lips, ankles, wrists,

and complained of back and neck pain; he also chipped or cracked several teeth.[8]

Fluellen later completed an incident report.[9] The report stated that Brown

fell because he tripped over the elevator threshold.[10] Subsequently, Sheriff Hill

---

[2]   ECF 2 (First Am. Compl.) ¶ 5.

[3]   *Id.* ¶ 7.

[4]   *Id.* ¶ 8.

[5]   *Id.* ¶ 9.

[6]   *Id.* ¶¶ 9–10.

[7]   *Id.* ¶ 11.

[8]   *Id.*

[9]   *Id.* ¶ 16.

[10]   *Id.*

concluded that Fluellen's conduct did not violate CCSO policy or procedure.[11]

Sometime later, however, video surveillance of the incident "went viral" on social

media and Sheriff Hill placed Fluellen on administrative leave.[12] Fluellen was

eventually charged with two felonies for the incident: Aggravated Battery and

Violation of Oath of Office.[13]

### B.    Procedural History

On October 2, 2020, Brown initiated this action in the State Court of Clayton

County.[14] Brown filed a First Amended Complaint (the Complaint) on December

5.[15] On January 4, 2021, Defendants timely removed.[16] Sheriff Hill is sued in his

official capacity and Fluellen is sued in his individual capacity.[17] Brown asserts a

claim against Fluellen under 42 U.S.C. § 1983 based on the alleged use of excessive

force.[18] Brown also asserts multiple causes of action under Georgia law against

---

[11]  *Id.* ¶ 17.

[12]  *Id.* ¶ 18.

[13]  *Id.* ¶ 20.

[14]  ECF 1-1.

[15]  ECF 2.

[16]  ECF 1.

[17]  ECF 2.

[18]  ECF 2, ¶¶ 24–36.

Fluellen: battery,[19] assault,[20] intentional infliction of emotional distress,[21] and cruel and unusual punishment in violation of the Georgia Constitution.[22] Brown seeks to hold Sheriff Hill liable for each of these state-law claims under a theory of *respondeat superior*.[23] Brown also asserts that Sheriff Hill is liable for negligent retention.[24] Brown seeks damages, as well as attorneys' fees and interest.[25]

On January 11, 2021, Defendants moved to dismiss.[26] Fluellen argues that Brown's Section 1983 claim is barred by qualified immunity and the state law claims are barred by official immunity.[27] Sheriff Hill argues that the claims against him are barred by sovereign immunity.[28] Defendants also assert that certain of Brown's state-law causes of action fail to state a claim.[29]

---

[19]  *Id.* ¶¶ 38–41.

[20]  *Id.* ¶¶ 44–48.

[21]  *Id.* ¶¶ 56–63.

[22]  *Id.* ¶¶ 51–55.

[23]  *Id.* ¶¶ 42–43, 49–63.

[24]  *Id.* ¶¶ 64–69.

[25]  *Id.* at 24.

[26]  ECF 5.

[27]  ECF 5-1, at 8–15.

[28]  *Id.* at 15–17.

[29]  *Id.* at 17–20.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must [ ] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the Court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Am. Dental Ass'n*, 605 F.3d at 1289 (citing *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261

(11th Cir. 2006)). The Court does not, however, accept legal conclusions as true. *Iqbal*, 556 U.S. at 678.

## III.   DISCUSSION

### A.   Brown's Section 1983 Claim

The Complaint alleges that Fluellen violated Brown's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983.[30] The statute itself creates no substantive rights. *Baker v. McCollan*, 443 U.S. 137, 140, 144 n.3 (1979). Rather, it provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Id*. Brown alleges Fluellen's conduct constituted excessive force in violation of both the Fourth and Fourteenth Amendments.[31]

#### 1.   Video Evidence

Before assessing whether the Complaint states a plausible Section 1983 claim, the Court must determine whether it can properly consider surveillance video of the incident. The Complaint refers to the video, and the video was included as an exhibit to the Complaint when it was filed in state court.[32]

---

[30]   ECF 2, ¶¶ 27–32.

[31]   *Id.* ¶¶ 27–28.

[32]   ECF 2, ¶ 9 & n.1 (referring to "Exhibit B, Clayton County Surveillance Video DSV119-Courtside ELE C" as having been manually filed); *id.* ¶ 15.

Defendants object to the Court's consideration of this evidence, asserting (incorrectly) that it was not actually attached to the Complaint and falls outside the pleadings.[33] Although the video was not included in the record when Defendants removed the action, the video is referenced in the Complaint and cited as an exhibit therein.[34] Brown also manually filed a copy of the video with his opposition to the motion to dismiss in this Court.[35]

This Court has discretion to consider the video on a motion to dismiss. *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018) ("[W]e may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity.") (citations omitted); *Adamson v. Poorter*, No. 06-15941, 2007 WL 2900576, at *2 (11th Cir. Oct. 4, 2007) ("[A] document attached to the pleadings as an exhibit may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. ") (citations omitted).

This case is similar to *Cantrell v. McClure*, in which another judge from this district considered allegations of excessive force on a motion for judgment on the

---

[33]   ECF 10, at 2 n.1.

[34]   ECF 2, at 2, ¶¶ 9, 15, 17–18.

[35]   ECF 9 (notice of manual filing of video filed with the Complaint).

pleadings. No. 2:17-cv-141-RWS, 2018 WL 11170098, at *1 (N.D. Ga. Mar. 12, 2018). Dash camera videos captured the incident between the plaintiff and the defendant officer. *Id.* The court held that it was proper to consider the videos "in deciding the motion because [they] are referenced in Plaintiff's Complaint, their content is undisputed, and [they] are a matter of public record." *Id.* (citations omitted). Furthermore, the court explained that, if "the record includes a video which the parties concede is authentic and accurate . . . the court views 'allegations of the complaint as true only to the extent that they are not contradicted by video evidence.'" *Id.* (quoting *Kass v. City of New York*, 864 F.3d 200, 206 (2d Cir. 2017)).

The record here is devoid of any indication that Defendants question the authenticity or accuracy of the video.[36] Even if the video was not physically attached to the Complaint, it was referred to therein and is central to Brown's claim. Moreover, the video appears to qualify as a public record since it is from a surveillance camera in the Clayton County Courthouse elevator.[37] O.C.G.A. § 50-18-70(b)(2) ("Public record means . . . tapes . . . prepared and maintained . . . on behalf of an agency . . . ."). The Court therefore concludes that the video can appropriately be considered in ruling on Defendants' motion to dismiss.

---

[36]  *See generally* ECFs 5-1, 10.

[37]  ECF 2, ¶¶ 9, 15; ECF 9.

Regardless, the Court concludes that the survival of Brown's claims does not depend on consideration of the video.

### 2.    Pretrial Detention

Defendants argue that Brown cannot state a claim under the Fourth and Fourteenth Amendments because he did not allege that he was a pretrial detainee at the time of the incident. Since, according to Defendants, Brown was an inmate and only the Eighth Amendment can apply to excessive force claims by inmates, Brown's Section 1983 cause of action as alleged must fail.[38] This Circuit recognizes that

> [c]laims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. However, the applicable standard is the same, *so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees*.

*Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (emphasis added) (citations omitted) (concerning application of qualified immunity and necessity of establishing violation of a constitutional right in the first instance). *See also Brown v. Acting Dir. of Metro Dade Corr.*, 360 F. App'x 48, 53 (11th Cir. 2010) (per curiam)

---

[38]    ECF 5-1, at 9–11.

("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. Because the applicable standard is the same, however, courts apply Eighth Amendment caselaw to cases involving arrestees and pretrial detainees.") (citations omitted).

Thus, regardless of whether the Court concludes that Brown was an inmate or pre-trial detainee at the time of the incident, the standard to evaluate the alleged violation is the same. Nevertheless, the Court concludes that Brown has plausibly alleged that he was a pretrial detainee at the time of the incident, making his claims appropriate under the Fourth and Fourteenth Amendments. To the extent Defendants claim Brown failed to state a claim for this reason, their motion to dismiss is denied.

### 3. Qualified Immunity

Fluellen  asserts he is entitled to qualified immunity as to Brown's Section 1983 claim.[39] Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

---

[39]   ECF 5-1, at 11–13.

constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). The parties do not dispute that Fluellen was acting within his discretionary authority when he committed the alleged constitutional violation.

"While the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be . . . raised and considered on a motion to dismiss." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). To survive a motion to dismiss based on qualified immunity, the complaint must allege the violation of a clearly established constitutional right. *Id.* "[A] right may be clearly established for qualified immunity purposes in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Pullen*, 2021 WL 2461828, at *5 (quoting *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291–92 (11th Cir. 2009)).

### i.   Clearly Established Law

Fluellen argues that the Court should dismiss Brown's Complaint because he failed to plead that Fluellen's actions violated clearly established law.[40] However, Fluellen overlooks the guiding principle espoused in *Skrtich v. Thornton* and its applicability to the facts in this case. 280 F.3d 1295, 1301 (11th Cir. 2002). There, in considering an excessive force claim, the Eleventh Circuit made clear that, when an officer engages in a "use of force 'maliciously and sadistically to cause harm,'" it violates clearly established law.

> The question for qualified immunity analysis is whether, at the time of the incident, it was clearly established that it is unlawful to inflict a beating upon a prisoner in custody when he is incapacitated and no longer able to pose a threat to the guards' ability to maintain order, resist the guards' directions, or engage in disruptive behavior. We answer that question in the affirmative. By 1998, our precedent clearly established that government officials may not use gratuitous force against a prisoner who has been already subdued or, as in this case, incapacitated.

*Id.* at 1303 (citations omitted). Put simply, "the unlawful infliction of force on nonresisting prisoners" is a violation of clearly established law. *Id.*

---

[40]   ECF 5-1, at 11.

The Complaint alleges that Brown followed Fluellen's directions and was at all relevant times restrained, posing no threat to himself or others.[41] As in *Skrtich*, Fluellen allegedly imposed gratuitous force on Brown while Brown was already subdued or incapacitated. If true, this is a violation of clearly established law.

### B.    Brown's state-law claims against Fluellen are not barred by official immunity.

The Georgia Constitution provides for official immunity for "all officers and employees of the state or its departments and agencies." Ga. Const. Art. I, § II, ¶ IX(d). But officers "can be liable for the negligent performance of ministerial acts within the scope of their authority [as well as] discretionary acts [if] committed with actual malice." *Marshall v. McIntosh Cnty.*, 327 Ga. App. 416, 420 (2014).

Fluellen asserts that official immunity bars Brown's state law claims and the Complaint does not adequately plead actual malice.[42] Actual malice is the "deliberate intention to do wrong [or the] actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury." *Gates v. Khokhar*, 884 F.3d 1290, 1304 (11th Cir. 2018) (cleaned up). The Complaint specifically alleges that Fluellen "acted [with] actual malice and the ill

---

[41]   ECF 2, at 2 ¶¶ 7–10.

[42]   ECF 5-1, at 13–15.

will to cause harm" to Brown.[43] And, while Rule 9(b) permits a plaintiff to generally allege malice and intent, the Complaint does more. Brown's pleading contains facts supporting the allegation: Brown alleges that he posed no threat to Fluellen, himself, or others before, during, or after the incident;[44] that Fluellen intentionally lifted him off the floor despite the fact that he was shackled and handcuffed;[45] that Fluellen threw him into the elevator;[46] and that Brown fell face first into the elevator wall and suffered injuries.[47] Brown will still bear the burden of proving actual malice, but for motion to dismiss purposes, official immunity does not bar Brown's state-law claims against Fluellen.

### C.    Brown's Intentional Infliction of Emotional Distress Claim

To state a claim for intentional infliction of emotional distress, a plaintiff must allege four elements: (1) intentional or reckless conduct; (2) that is extreme and outrageous; (3) that is causally connected to the emotional distress; and (4) that results in severe emotional distress. *Johnson v. Savannah College of Art & Design, Inc.*, 218 Ga. App. 66, 67 (1995) (citation omitted). For conduct to be

---

[43]   ECF 2, ¶ 39.

[44]   *Id.* at ¶ 10.

[45]   *Id.*

[46]   *Id.* ¶ 9.

[47]   *Id.* ¶¶ 9–11.

sufficient to meet the necessary standard, it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Garcia v. Shaw Indus., Inc.*, 321 Ga. App. 48, 52 (2013) (cleaned up) (citations omitted).

Fluellen argues that Brown fails to state a claim because he does not allege "facts" to support each element of the cause of action.[48] The Court disagrees. The Complaint alleges that Fluellen's conduct was willful and malicious, and that it left Brown "traumatized, humiliated, emotionally scarred and permanently disfigured."[49] The Complaint further alleges that Fluellen's conduct exacerbated Brown's preexisting mental illness and trigged PTSD.[50] As a result, Brown sought out psychological treatment.[51] The Court finds that the allegations of the Complaint, if true, state a plausible claim for intentional infliction of emotional distress under Georgia law.

---

[48]   ECF 5-1, at 17–18.

[49]   ECF 2, ¶¶ 59–61.

[50]   *Id.* ¶ 63.

[51]   *Id.* ¶ 61.

### D.   Brown's state law claims against Sheriff Hill are barred by sovereign immunity.

Sheriff Hill asserts that Brown's claims against him are barred by sovereign immunity. The Georgia Constitution extends sovereign immunity "to the state and all of its departments and agencies." Ga. Const. Art. I, § 2, ¶ IX(e). Since a suit against a sheriff in his official capacity is a suit against the county, Sheriff Hill is entitled to assert the same defenses as Clayton County—including sovereign immunity. *Moats v. Mendez*, 349 Ga. App. 811, 813 (2019). Immunity can only be waived by the Georgia General Assembly. Ga. Const. Art. I, § 2, ¶ IX(e); *Moats*, 349 Ga. App. at 813 (citing *Cameron v. Lang*, 274 Ga. 122, 126 (2001)).

Brown incorrectly asserts that O.C.G.A. § 33-24-51(b) creates an immunity waiver because Clayton County purchased liability insurance.[52] But this statute deals expressly with municipal corporations (*e.g.*, counties) purchasing insurance to cover liability resulting from *use of a motor vehicle*. Brown cites to *Gilbert v. Richardson*, 264 Ga. 744, 751–52 (1994), but this case involved an automobile collision in which the defendant deputy sheriff collided with the plaintiff while responding to an emergency call. *Id.* at 744. The Georgia Supreme Court held that

---

[52]   ECF 8-3.

sovereign immunity did not apply because the county had purchased motor vehicle liability insurance coverage for its officers. *Id*. at 751–52.

In a subsequent case, the Georgia Supreme Court made this point clear:

> In the exercise of its constitutional authority to waive the defense of sovereign immunity, the General Assembly has enacted the Georgia Tort Claims Act (GTCA). However, the waiver of sovereign immunity afforded by that statute does not extend to a county. A county's sovereign immunity has been waived pursuant to [O.C.G.A.] § 33–24–51(b), but only "to the extent of the amount of liability insurance purchased for the negligence of [county] officers, agents, servants, attorneys, or employees *arising from the use of a motor vehicle*."

*Woodard v. Laurens Cnty.*, 265 Ga. 404, 405 (1995) (citations omitted).

Brown's contention that the purchase of motor vehicle liability insurance waives sovereign immunity sweeps too broadly. Sheriff Hill is immune from Brown's claims.

## IV.    CONCLUSION

Defendants' Motion to Dismiss [ECF 5] is **GRANTED in part** and **DENIED in part**. Defendant Sheriff Hill is **DISMISSED** from this action **with prejudice**. Defendant Fluellen is **DIRECTED** to file an answer to the Complaint within 14 days after entry of this Order. The parties shall file the Joint Preliminary Report 21 days after entry of this Order.

**SO ORDERED** this the 29th day of September 2021.

Steven D. Grimberg
United States District Court Judge