IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARLON BROWN,<br><br>　　　　Plaintiff,<br>v.<br><br>PATRICK DAVID FLUELLEN.<br><br>　　　　Defendant. | CIVIL ACTION FILE<br>NO. 1:21-CV-00010-SDG |

**DEFENDANT'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW defendant Patrick David Fluellen ("defendant"), by and through the undersigned counsel, and hereby files his answer and defenses to plaintiff's complaint (Doc. 1-1) (the "complaint"), showing the Court as follows:[1]

**FIRST DEFENSE**

Plaintiff's complaint fails to state a claim against defendant upon which relief can be granted.

---

[1] This Court dismissed Sheriff Victor Hill from this action with prejudice on September 29, 2021, and therefore, this answer is being filed by Patrick David Fluellen, only. (Doc. 14.) Plaintiff's complaint (Doc. 1-1), moreover, was superseded by his amended complaint (Doc. 2). Nevertheless, Fluellen files this answer in an abundance of caution in light of the Court's direction that he "file an answer to the Complaint." (Doc 14, p. 18.) Fluellen is also filing an answer to the amended complaint (Doc. 2) contemporaneously herewith.

**SECOND DEFENSE**

Responding to the numbered paragraphs of plaintiff's complaint, defendant answers as follows:

**ANSWER TO INTRODUCTION**

Responding to the unnumbered paragraph of plaintiff's complaint titled Introduction, and beginning with "Don't promote yourself," defendant denies in the form and manner alleged the allegations contained in this unnumbered paragraph, denies any and all liability for the claims asserted, and denies that plaintiff is entitled to any of the relief requested from him in form, type, or amount, under any theory at law or in equity.

**ANSWER TO VENUE**

1

The allegations contained in paragraph 1 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, defendant states that venue in Clayton County is not proper.

**ANSWER TO PARTIES**

2.

Defendant can neither admit nor deny the allegations contained in paragraph 2 of plaintiff's complaint for want of sufficient information such that the allegations are deemed denied.

3.

Defendant admits the allegations contained in paragraph 3 of plaintiff's complaint.

4.

The allegations contained in paragraph 4 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, defendant states that Victor Hill is a resident of the State of Georgia. Defendant denies the remaining allegations contained in paragraph 4 of plaintiff's complaint.

## ANSWER TO FACTUAL BACKGROUND

5.

Defendant admits the allegations contained in paragraph 5 of plaintiff's complaint.

6.

Defendant admits the allegations contained in paragraph 6 of plaintiff's complaint.

7.

Defendant denies as stated the allegations contained in paragraph 7 of plaintiff's complaint.

8.

Defendant denies as stated the allegations contained in paragraph 8 of plaintiff's complaint.

9.

Defendant denies as stated the allegations contained in paragraph 9 of plaintiff's complaint.

10.

Defendant denies as stated the allegations contained in paragraph 10 of plaintiff's complaint.

11.

Defendant denies as stated the allegations contained in paragraph 11 of plaintiff's complaint.

12.

Defendant denies as stated the allegations contained in paragraph 12 of plaintiff's complaint.

13.

Defendant can neither admit nor deny the allegations contained in paragraph 13 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff upon strict proof of the same.

14.

Defendant denies as stated the allegations contained in paragraph 14 of plaintiff's complaint.

15.

Defendant denies as stated the allegations contained in paragraph 15 of plaintiff's complaint.

16.

Responding to the allegations contained in paragraph 16 of plaintiff's complaint, defendant states that any incident reports speak for themselves. Defendant denies in the form and manner alleged the remaining allegations contained in paragraph 16 of plaintiff's complaint.

17.

Responding to the allegations contained in paragraph 17 of plaintiff's complaint, defendant admits that he did not violate any CCSO policies or procedures. Defendant denies as stated the remaining allegations contained in paragraph 17 of plaintiff's complaint.

18.

Defendant denies as stated the allegations contained in paragraph 18 of plaintiff's complaint.

19.

Defendant denies as stated the allegations contained in paragraph 19 of plaintiff's complaint.

20.

Defendant denies as stated the allegations contained in paragraph 20 of plaintiff's complaint.

21.

Defendant denies as stated the allegations contained in paragraph 21 of plaintiff's complaint.

22.

Defendant denies the allegations contained in paragraph 22 of plaintiff's complaint.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**
**BATTERY**
**(Defendant Fluellen For Battery)**

23.

Responding to the allegations contained in paragraph 23 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to paragraphs 1 through 22 above.

24.

The allegations contained in paragraph 24 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, defendant states that the case cited in this paragraph speaks for itself. Further responding, defendant denies in the form and manner alleged the remaining allegations contained in paragraph 24 of plaintiff's complaint.

25.

Defendant denies the allegations contained in paragraph 25 of plaintiff's complaint.

26.

Defendant denies the allegations contained in paragraph 26 of plaintiff's complaint.

27.

Defendant denies the allegations contained in paragraph 27 of plaintiff's complaint.

**(Defendant Sheriff Liability for Battery under Resondent [sic] Superior)**

28.

The allegations contained in paragraph 28 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, defendant states that the case cited in this paragraph speaks for itself.

Further responding, defendant denies in the form and manner alleged the remaining allegations contained in paragraph 28 of plaintiff's complaint.

29.

Responding to the allegations contained in paragraph 29 of plaintiff's complaint, defendant admits that he was at all times acting within the course and scope of his employment. Defendant denies the remaining allegations contained in paragraph 29 of plaintiff's complaint.

**SECOND CLAIM FOR RELIEF**
**ASSAULT**
**(Defendant Fluellen)**

30.

Responding to the allegations contained in paragraph 30 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to paragraphs 1 through 22 above.

31.

The allegations contained in paragraph 31 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, defendant states that the code section cited in this paragraph speaks for itself. Further responding, defendant denies in the form and manner alleged the remaining allegations contained in paragraph 31 of plaintiff's complaint.

32.

The allegations contained in paragraph 32 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant states that the case cited in this paragraph speaks for itself.  Further responding, defendant denies in the form and manner alleged the remaining allegations contained in paragraph 32 of plaintiff's complaint.

33.

Defendant denies as stated the allegations contained in paragraph 33 of plaintiff's complaint.

34.

Defendant denies the allegations contained in paragraph 34 of plaintiff's complaint.

**"(Defendant Sheriff Liability for Assault under Resondent [sic] Superior)"**

35.

The allegations contained in paragraph 35 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant states that the case cited in this paragraph speaks for itself.  Further responding, defendant denies in the form and manner alleged the remaining allegations contained in paragraph 35 of plaintiff's complaint.

36.

Responding to the allegations contained in paragraph 36 of plaintiff's complaint, defendant admits that he was at all times acting within the course and scope of his employment.  Defendant denies as stated the remaining allegations contained in paragraph 36 of plaintiff's complaint.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE PLAINTIFFS' RIGHTS UNDER THE GEORGIA CONSTITUTION ART. I, SEC. I, PARA. XVII.  BAIL; FINES; PUNISHMENT; ARREST; ABUSE OF PRISONERS**
**(Defendant Fluellen and Defendant Sheriff Liability under Respondent [sic] Superior)**

37.

Responding to the allegations contained in paragraph 37 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to paragraphs 1 through 22 above.

38.

The allegations contained in paragraph 38 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant states that the Georgia Constitution speaks for itself.  Further responding, defendant denies in the form and manner alleged the remaining allegations contained in paragraph 38 of plaintiff's complaint.

39.

Defendant denies the allegations contained in paragraph 39 of plaintiff's complaint.

40.

Defendant denies the allegations contained in paragraph 40 of plaintiff's complaint.

41.

Defendant denies the allegations contained in paragraph 41 of plaintiff's complaint.

**FOURTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Defendant Fluellen and Defendant Sheriff Liability under Respondent [sic] Superior)**

42.

Responding to the allegations contained in paragraph 42 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to paragraphs 1 through 22 above.

43.

The allegations contained in paragraph 43 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, defendant denies in the form and manner alleged the allegations in paragraph 43 of plaintiff's complaint.

44.

The allegations contained in paragraph 44 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, defendant states that the cases cited in this paragraph speaks for themselves.  Further responding, defendant denies in the form and manner alleged the remaining allegations contained in paragraph 44 of plaintiff's complaint.

45.

Defendant denies the allegations contained in paragraph 45 of plaintiff's complaint.

46.

Defendant denies the allegations contained in paragraph 46 of plaintiff's complaint.

47.

Defendant denies the allegations contained in paragraph 47 of plaintiff's complaint.

48.

Defendant denies the allegations contained in paragraph 48 of plaintiff's complaint.

49.

Defendant denies the allegations contained in paragraph 49 of plaintiff's complaint.

**FIFTH CLAIM FOR RELIEF**
**NEGLIGENT RETENTION**
**(Against Defendant Sheriff)**

50.

Responding to the allegations contained in paragraph 50 of plaintiff's complaint, defendant hereby incorporates by reference as if fully set forth verbatim herein his responses previously made to paragraphs 1 through 22 above.

51.

The allegations contained in paragraph 51 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, defendant states that the case cited in this paragraph speaks for itself. Further responding, defendant denies in the form and manner alleged the remaining allegations contained in paragraph 51 of plaintiff's complaint.

52.

Defendant denies the allegations contained in paragraph 52 of plaintiff's complaint.

53.

Defendant denies the allegations contained in paragraph 53 of plaintiff's complaint.

54.

Defendant denies the allegations contained in paragraph 54 of plaintiff's complaint.

## ANSWER TO PRAYER FOR RELIEF

55.

Responding to the allegations contained in the unnumbered paragraph of plaintiff's complaint beginning "Prayer For Relief," defendant denies all such allegations, including all subparagraphs thereof, and specifically denies that plaintiff is entitled to any of the relief requested from him in form, type, or amount, under any theory at law or in equity.

56.

Except as expressly admitted, denied, or otherwise responded to, defendant denies all allegations contained in plaintiff's complaint.

## THIRD DEFENSE

Venue is improper in Clayton County, Georgia.

## FOURTH DEFENSE

Plaintiff's claims and his complaint are barred by the applicable statute of limitations.

## FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, resulted solely from the voluntary and intentional conduct of plaintiff and not from any conduct of defendant.

## SIXTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, were caused by the deliberate, criminal conduct of plaintiff, and such criminal conduct supersedes any and all liability, if any, on the part of defendant.

## SEVENTH DEFENSE

No act or omission of defendant either proximately caused or contributed to any damages allegedly suffered by plaintiff; therefore, plaintiff has no right of recovery against defendant.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, were directly and proximately caused by the contributory and comparative negligence of plaintiff.

## NINTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant asserts the affirmative defenses of accord and satisfaction, arbitration and award, assumption of risk, duress, estoppel, failure of consideration, failure to mitigate damages, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## TENTH DEFENSE

Defendant is entitled to official immunity, qualified immunity, and sovereign immunity to the fullest extent allowed by law.

## ELEVENTH DEFENSE

Defendant shows that he did not violate the rights of plaintiff under any provisions of or amendments to the United States Constitution, Georgia Constitution, or any other laws.

## TWELFTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to him during the course of his investigation and discovery.

WHEREFORE, having fully listed his defenses and having fully answered the complaint, defendant prays as follows:

(a) That judgment be entered in favor of defendant and against plaintiff on the complaint;

(b)   That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)   That the Court grant such other and further relief as it may deem just and proper.

<b><u>DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.</u></b>

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

*Attorneys for Defendant*

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

> Harry M. Daniels
> Khalil C. Eaddy
> Daniels and James, LLC
> 233 Peachtree St. NE, Suite 1200
> Atlanta, GA 30303

This 13th day of October, 2021.

                                           */s/ A. Ali Sabzevari*
                                           A. Ali Sabzevari
                                           Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia  30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)