IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARLON BROWN,

              Plaintiff,

v.

PATRICK DAVID FLUELLEN.

              Defendant.

CIVIL ACTION FILE
NO. 1:21-CV-00010-SDG

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

   (a) **Describe briefly the nature of this action.**

   Plaintiff alleges a Section 1983 claim against defendant Patrick David Fluellen.

   (b) **Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

   Plaintiff contends:

   On or about June 16, 2017, Marlon Brown (hereinafter, "Plaintiff or Mr. Brown") was violently shoved into a steel elevator while his hands were cuffed, and legs were shackled by Deputy Patrick Fluellen (hereinafter, "Defendant Fluellen") of the Clayton County Sheriff's Office (hereinafter, "CCSO"). As a result, Mr. Brown sustained visible lacerations to his face and lips. Additionally,

Mr. Brown sustained several chipped and cracked teeth. Despite there being direct video evidence of the incident, CCSO concluded that Defendant Fluellen's actions did not violate any CCSO policies or procedures. However, not until the video incident went viral on social media, several months later, was Defendant Fluellen placed on administrative leave for his actions against Mr. Brown. Further, after an investigation by the Georgia Bureau of Investigation (hereinafter, "GBI"), Defendant Fluellen was charged with two felonies, Aggravated Battery and Violation of Oath of Office and subsequently arrested. Mr. Brown sustained permanent scarring and injuries as a result of Defendant Fluellen's malicious and sadistic acts towards him. Mr. Brown also suffers from severe mental anguish and severe emotional distress.

<u>Defendant contends</u>:

On June 16, 2017, while working in the Clayton County Courthouse, Deputy Patrick Fluellen ("Deputy Fluellen") heard plaintiff causing a disturbance and shouting profanity towards the presiding judge from a holding cell. Deputy Fluellen entered the holding area and encountered plaintiff who was refusing to comply with the courthouse security officer, Rasheeda Leak's commands to get into the elevator to be escorted out of the Courthouse. Deputy Fluellen instructed plaintiff to get into the elevator, but he refused. Deputy Fluellen repeated this instruction but plaintiff continued refusing to get into the elevator and instead

continued to shout profanities. Deputy Fluellen attempted to manually assist plaintiff to the elevator but he resisted by locking his legs and placing both of his feet on the ground and pushing backwards. Deputy Fluellen lifted plaintiff from the ground and attempted to physically move him into the elevator at which point plaintiff stumbled, came out of his shoes, and fell into the elevator. Deputy Fluellen contends that his use of force was objectively reasonable under the totality of the circumstances and did not violate any of plaintiff's rights under the United States Constitution, Georgia Constitution, or any other laws.

**(c) The legal issues to be tried are as follows:**

<u>Plaintiff contends</u>:

- Whether defendant is liable for plaintiff's Section 1983 claim of excessive force.

- Whether plaintiff's claims are barred by qualified immunity.

- Whether defendant violated plaintiff's constitutional rights.

- Whether plaintiff can prove that defendant is subject to liability under 42 U.S.C. 1983.

- Whether defendant is liable for plaintiff's claims of damages.

- Whether defendant is liable for plaintiff's state law claims.

- Whether defendant is liable for plaintiff's punitive damages.

<u>Defendant contends</u>:

- Whether plaintiff's claims are barred by qualified immunity.

- Whether plaintiff's claims are barred by official immunity.

- Whether defendant violated plaintiff's constitutional rights under the Fourth and/or Fourteenth Amendments in violation of 42 U.S.C. § 1983.

- Whether defendant is liable to plaintiff under state law for battery, assault, intentional infliction of emotional distress, and/or any violation of the Georgia Constitution.

- Whether defendant is liable for plaintiff's claims of damages, including attorney's fees and punitive damages.

**(d) The cases listed below (include both style and action number) are:**

   **(1)   Pending Related Cases:** N/A

   **(2)   Previously Adjudicated Related Cases:** <u>State of Georgia v. Patrick David Fluellen</u>, 2018-CR-02778-00 (Superior Ct. Clayton Cnty., December 16, 2018).

**2. <u>This case is complex because it possesses one or more of the features listed below (please check)</u>:**

   _____ (1)  Unusually large number of parties

   _____ (2)  Unusually large number of claims or defenses

_____ (3) Factual issues are exceptionally complex

_____ (4) Greater than Normal Volume of evidence

_____ (5) Extended discovery period is needed

_____ (6) Problems locating or preserving evidence

_____ (7) Pending parallel investigations or action by government

_____ (8) Multiple use of experts

_____ (9) Need for discovery outside United States boundaries

_____(10) Existence of highly technical issues and proof

_____(11)  Unusually  complex  discovery  of  electronically  stored
information.

3. **Counsel:**

**The  following  individually-named  attorneys  are  hereby  designated  as
lead counsel for the parties:**

**Plaintiff:**          Harry M. Daniels

**Defendant:**          Jack R. Hancock and A. Ali Sabzevari

4. **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

\_\_\_\_ Yes          \_\_X\_\_ No

**If "yes," please attach a statement, not to exceed one page, explaining
the  jurisdictional  objection.  When  there  are  multiple  claims,  identify**

and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. <u>Parties to this Action</u>:

(a) The following persons are necessary parties who have not been joined:

None known at this time.

(b) The following persons are improperly joined as parties:  None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. <u>Amendments to the Pleadings</u>:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary: None known at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan has been filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.  **Filing times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.   Local Rule 7.1A (2).

(a) **Motions to Compel**: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) **Summary Judgment Motions**: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) **Other Limited Motions**: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) **Motions Objecting to Expert Testimony**: **Daubert** motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures**:

The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information. Refer to FED. R. CIV. P. 26(a)(1)(B).

9. **Request for Scheduling Conference**:

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

10. **Discovery Period**:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

- 8 -

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.   A chart showing the assignment of cases to a discovery track by filing category is a contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Plaintiff contends:

(a)     The factual basis of the claims asserted against defendant.

(b)     The factual basis for defendant's defenses and immunities.

(c)     The factual basis of plaintiff's alleged damages.

Defendant contends:

(a)     The factual basis of the claims asserted against defendant.

(b)     The factual basis for defendant's defenses and immunities.

(c)     The factual basis of plaintiff's alleged damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phase or be limited to or focused upon particular issues, please state those reasons in detail below:**

Plaintiff and defendant do not believe that additional time will be needed to conduct discovery at this time.  However, in the event that it appears discovery cannot be completed within the established deadlines, the parties will promptly request a discovery extension.

11. <u>**Discovery Limitation and Discovery of Electronically Stored Information**</u>:

(a) **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this court, and what other limitations should be imposed?**

None.

(b) **Is any party seeking discovery of electronically stored information?**

  <u>X        </u>Yes           _____No

  **If "yes,"**

(1) **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**  None known at this time.

(2) **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF),or native),**

**method of production(e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:** Electronic information that can be produced in PDF or paper format will be produced on a compact-disk or via a cloud based software.   The parties reserve the right to seek electronic information through any additional manner.   The parties agree to provide reasonable notice of the need for an additional production method.

(3) **In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**   The parties have come to a general agreement regarding the discovery of electronically stored information;   therefore,   the   parties   will   not   require   a   scheduling conference.    However,   the   parties   reserve   the   right   to   request   a conference should it become necessary.

12. **Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**   None at this time.

13. **Settlement Potential:**

(a) **Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on** October 13, 2021,

**and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiff:**

**Lead counsel (signature):** */s/ Harry M. Daniels*
                                    Harry M. Daniels

**For Defendant:**

**Lead counsel (signature):** */s/ Jack R. Hancock*
                                    Jack R. Hancock

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(__)  A possibility of settlement before discovery.**

**( X )  A possibility of settlement after discovery.**

**(__)  A possibility of settlement, but a conference with the judge is needed.**

**(__)  No possibility of settlement.**

**(c)   Counsel ( X ) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.   No proposed date for the next settlement conference has been set.**

**(d)     The following specific problems have created a hindrance to settlement of this case.**  No specific problems.

- 12 -

14. **<u>Trial by Magistrate Judge</u>**:

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (__) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.**

**(b) The parties (<u>X</u>) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this the 20th day of October, 2021.

FREEMAN MATHIS & GARY, LLP

*/s/  A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhanock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

Attorneys for Defendant

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
Tel: 404-366-1000
Fax: 404-361-3223

*/s/  Harry M. Daniels*
Harry M. Daniels
Georgia Bar No. 234158

daniels@danielsjameslaw.com
Khalil Eaddy
Georgia Bar No. 245157
khalil@danielsjameslaw.com

Attorneys for Plaintiff

233 Peachtree St. Ne Suite 1200
Atlanta, Georgia 30303
Tel: 678-664-8529
Fax: 800-867-5248

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2021.

_____
STEVEN D. GRIMBERG
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

Harry M. Daniels
Khalil C. Eaddy
Daniels and James, LLC
233 Peachtree St. NE, Suite 1200
Atlanta, GA 30303

This 20th day of October, 2021.

/s/ A. Ali Sabzevari
A. Ali Sabzevari
Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia  30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)