IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARLON BROWN,<br><br>       Plaintiff,<br>v.<br><br>PATRICK DAVID FLUELLEN.<br><br>       Defendant. | CIVIL ACTION FILE<br>NO. 1:21-CV-00010-SDG |

## DEFENDANT'S INITIAL DISCLOSURES

COMES NOW defendant Patrick David Fluellen (hereinafter "defendant" or "Deputy Fluellen"), by and through counsel, and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, submits his initial disclosures as follows:

**(1)  If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

Defendant is properly identified.

**(2)  Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

At this time, defendant is unaware of any necessary parties who have not been joined.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

On June 16, 2017, while working in the Clayton County Courthouse, Deputy Patrick Fluellen heard plaintiff causing a disturbance and shouting profanity towards the presiding judge from a holding cell.  Deputy Fluellen entered the holding area and encountered plaintiff who was refusing to comply with the courthouse security officer, Rasheeda Leak's commands to get into the elevator to be escorted out of the Courthouse.  Deputy Fluellen instructed plaintiff to get into the elevator, but he refused.  Deputy Fluellen repeated this instruction but plaintiff continued refusing to get into the elevator and instead continued to shout profanities.  Deputy Fluellen attempted to manually assist plaintiff to the elevator but he resisted by locking his legs and placing both of his feet on the ground and pushing backwards.  Deputy Fluellen lifted plaintiff from the ground and attempted to physically move him into the elevator at which point plaintiff stumbled, came out of his shoes, and fell into the elevator.  Deputy Fluellen contends that his use of force was objectively reasonable under the totality of the circumstances and did not violate any of plaintiff's rights under the United States Constitution, Georgia

Constitution, or any other laws. Deputy Fluellen denies any and all liability for the claims asserted.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contends are applicable to this action.**

Illustrative authorities include but are not limited to the following:

- Fourth and Fourteenth Amendments of the United States Constitution and interpreting case law.

- 42 U.S.C. §§ 1983 and 1988 and interpreting case law, including case law detailing the principles and parameters of qualified immunity.

- The Georgia Constitution and interpreting case law, including case law detailing the principles and parameters of official immunity.

- Case law detailing the principles and parameters of plaintiff's claims for attorney's fees and punitive damages.

- Case law detailing the principles and parameters of plaintiff's state law claims of battery, assault, and intentional infliction of emotional distress.

Defendant's research, investigation, and discovery is ongoing, and he reserves the right to supplement these disclosures with additional legal authority.

**(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

<u>See</u> Attachment A.

**(6)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

<u>See</u> Attachment B.

**(7)    Provide a copy of, or description by category and location of all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claim or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

<u>See</u> Attachment C.

**(8)    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not**

**privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

<u>See</u> Attachment D.

**(9)	If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Other than plaintiff, defendant is unaware of any other person or legal entity liable to plaintiff in this matter.

**(10)	Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

<u>See</u> Attachment E.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Defendant

## ATTACHMENT A

1. Patrick David Fluellen has knowledge regarding the factual basis for the allegations contained in plaintiff's complaint and his defenses. Fluellen may be contacted through Freeman Mathis & Gary, LLP.

2. Plaintiff has knowledge regarding the factual basis for the allegations contained in his complaint. Plaintiff may be contacted through his counsel of record.

3. Individuals with Clayton County Sheriff's Office may have knowledge regarding the factual basis for the allegations contained in plaintiff's complaint and defendant's defenses.

4. All individuals identified or referenced in Clayton County Sheriff's Office IA File, 2018-IA-032, may have knowledge regarding the factual basis for the allegations contained in plaintiff's complaint and defendant's defenses.

5. All individuals identified or referenced in Georgia Bureau of Investigation Case File, Case No. 10-0405-34-18, may have knowledge regarding the factual basis for the allegations contained in plaintiff's complaint and defendant's defenses.

6. Individuals with CorrectHealth may have knowledge regarding the factual basis for the allegations contained in plaintiff's complaint and defendant's defenses.

7. Rasheeda Leak may have knowledge regarding the factual basis for the allegations contained in plaintiff's complaint and defendant's defenses. Defendant is unaware of Leak's contact information.

8. E. Carpenter may have knowledge regarding the factual basis for the allegations contained in plaintiff's complaint and defendant's defenses. Defendant is unaware of Carpenter's contact information.

9. All individuals identified by plaintiff in the complaint may have knowledge regarding the factual basis for the allegations contained in plaintiff's complaint and defendant's defenses.

10. Any individuals identified or referenced during the course of discovery or at any time during this civil action, including any individuals identified in records exchanged during discovery, may have knowledge regarding the factual basis for the allegations contained in plaintiff's complaint and defendant's defenses.

11. All individuals identified in plaintiff's initial disclosures may have knowledge regarding the factual basis for the allegations contained in plaintiff's complaint and defendant's defenses.

12. Defendant's research, investigation, and discovery is ongoing, and he reserves the right to supplement these disclosures with additional witnesses.

- 9 -

## **ATTACHMENT B**

Defendant has not yet made a decision as to whether he will present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Defendant will supplement these disclosures should an expert be retained for trial purposes.

## ATTACHMENT C

1. All pleadings and records in <u>State of Georgia v. Patrick David Fluellen</u>, 2018-CR-02778-00 (Superior Ct. Clayton Cnty., December 6, 2018).

2. Clayton County Sheriff's Office IA File, 2018-IA-032, and all records contained therein.

3. Georgia Bureau of Investigation Case File, Case No. 10-0405-34-18, and all records contained therein.

4. All documents exchanged or referenced during discovery or at any time during this civil action.

5. All documents listed or produced by plaintiff or defendant in this action.

6. All documents listed by plaintiff in response to initial disclosures.

7. Defendant's research, investigation, and discovery is ongoing, and he reserves the right to supplement these disclosures with additional information should it be warranted.

## **ATTACHMENT D**

Not applicable.

## ATTACHMENT E

Defendant will produce Clayton County's excess liability insurance policy for inspection and copying at a mutually convenient time.

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **DEFENDANT'S INITIAL DISCLOSURES** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

Harry M. Daniels<br>
Khalil C. Eaddy<br>
Daniels and James, LLC<br>
233 Peachtree St. NE, Suite 1200<br>
Atlanta, GA 30303

This 26th day of October, 2021.

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia  30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)