IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARLON BROWN,<br><br>           Plaintiff,<br>v.<br><br>PATRICK DAVID FLUELLEN.<br><br>           Defendant. | CIVIL ACTION FILE<br>NO. 1:21-CV-00010-SDG |

**PLAINTIFF'S INITIAL DISCLOSURES**

COMES NOW Plaintiff Marlon Brown (hereinafter "Plaintiff" or "Mr. Brown"), by and through counsel, and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, submits his initial disclosures as follows:

1. State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

On or about June 16, 2017, Mr. Brown was violently thrown into a steel elevator while his hands were cuffed, and legs were shackled by Deputy Patrick Fluellen (hereinafter, "Defendant Fluellen") of the Clayton County Sheriff's Office (hereinafter, "CCSO"). As a result, Mr. Brown sustained visible lacerations to his face and lips. Additionally, Mr. Brown sustained several chipped and cracked teeth. Despite there being direct video evidence of the incident, CCSO concluded that

Defendant Fluellen's actions did not violate any CCSO policies or procedures. However, not until the video incident went viral on social media, several months later, was Defendant Fluellen placed on administrative leave for his actions against Mr. Brown. Further, after an investigation by the Georgia Bureau of Investigation (hereinafter, "GBI"), Defendant Fluellen was charged with two felonies, Aggravated Battery and Violation of Oath of Office and subsequently arrested. Mr. Brown sustained permanent scarring and injuries as a result of Defendant Fluellen's malicious and sadistic acts towards him. Mr. Brown also suffers from severe mental anguish and severe emotional distress. Plaintiff brings his claim under 42 U.S.C. 1983, asserting that his fourteenth amendment right was violated by Defendant Fluellen.

2. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

- Fourth and Fourteenth Amendments of the United States Constitution and interpreting case law.
- 42 U.S.C. §§ 1983 and 1988 and interpreting case law, including case law detailing the principles and parameters of qualified immunity.
- The Georgia Constitution and interpreting case law, including case law detailing the principles and parameters of official immunity.

- Case law detailing the principles and parameters of plaintiff's claims for attorney's fees and punitive damages.

- Case law detailing the principles and parameters of plaintiff's state law claims of battery, assault, and intentional infliction of emotional distress.

Plaintiff's research, investigation, and discovery is ongoing, and he reserves the right to supplement these disclosures with additional legal authority.

3. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

    See Attachment A

4. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

    See Attachment B

5. Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or

defenses unless solely for impeachment, identifying the subjects of the information.

    See Attachment C

6. In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.

    See Attachment D

7. Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

    See Defendant's Initial Disclosures

8. Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

<u>N/A</u>

Respectfully submitted the 30th day of October 2021

<u>/s/Harry M. Daniels</u>
Harry M. Daniels
Ga Bar No. 234158
Khalil Eaddy
Ga Bar No. 245157

Daniels and James, LLC

233 Peachtree St Ne Suite 1200
Atlanta, Georgia 30303
Tel. 678-664-8529
Fax. 800-867-5248
daniels@danielsjameslaw.com
khalil@danielsjameslaw.com

# ATTACHMENT A

1. Patrick David Fluellen has knowledge regarding the factual basis for the allegations contained in plaintiff's complaint and his defenses. Fluellen may be contacted through Freeman Mathis & Gary, LLP.

2. Plaintiff has knowledge regarding the factual basis for the allegations contained in his complaint.  Plaintiff may be contacted through his counsel of record.

3. Plaintiff's sister Ashely Brown may have knowledge regarding the factual basis for the allegations contained in plaintiff's complaint and damages. Ashely Brown may be contacted through his counsel of record.

4. Aristo J. Shyn, DMD has knowledge regarding Plaintiff's injuries to his teeth. Dr. Shyn can be contacted at (770) 448-1977

5. Individuals with Clayton County Sheriff's Office may have knowledge regarding the factual basis for the allegations contained in Plaintiff's complaint and Defendant's defenses.

6. All individuals identified or referenced in Georgia Bureau of Investigation Case File, Case No. 10-0405-34-18, may have knowledge regarding the factual basis for the allegations contained in Plaintiff's complaint and Defendant's defenses.

7. Individuals with CorrectHealth may have knowledge regarding the factual basis for the allegations contained in Plaintiff's complaint and Defendant's

defenses.

8. All individuals identified in Defendant's initial disclosures may have knowledge regarding the factual basis for the allegations contained in Plaintiff's complaint and Defendant's defenses.

9. Plaintiff's research, investigation, and discovery is ongoing, and he reserves the right to supplement these disclosures with additional witnesses.

## **ATTACHMENT B**

Plaintiff has not yet made a decision as to whether he will present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Defendant will supplement these disclosures should an expert be retained for trial purposes.

## ATTACHMENT C

1. All pleadings and records in <u>State of Georgia v. Patrick David Fluellen</u>, 2018-CR-02778-00 (Superior Ct. Clayton Cnty., December 6, 2018).

2. Clayton County Sheriff's Office IA File, 2018-IA-032, and all records contained therein.

3. Georgia Bureau of Investigation Case File, Case No. 10-0405-34-18, and all records contained therein.

4. All documents exchanged or referenced during discovery or at any time during this civil action.

5. All documents listed or produced by plaintiff or defendant in this action.

6. All documents listed by defendant in response to initial disclosures.

7. Plaintiff's research, investigation, and discovery is ongoing, and he reserves the right to supplement these disclosures with additional information should it be warranted.

# ATTACHMENT D

**Plaintiff 's Pain and Suffering**

Plaintiff has not determined the amount he is seeking for his pain, suffering and embarrassment, he has endured after his was assaulted by the Defendant.

**Future Medical Expenses**

Estimated approximate $17, 628.80 for dental service.

Plaintiff will supplement his response in discovery and disclosures.

## **ATTACHMENT E**

Defendant will produce Clayton County's excess liability insurance policy for inspection and copying at a mutually convenient time.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing PLAINTIFF'S INITIAL DISCLOSURES to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

FREEMAN MATHIS & GARY, LLP
A. Ali Sabzevari
Jack R. Hancock
asabzevari@fmglaw.com
jhancock@fmglaw.com
661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Respectfully submitted the 30th day of October 2021

<u>/s/Harry M. Daniels</u>
Harry M. Daniels
Ga Bar No. 234158